In The



Court of Appeals



Ninth District of Texas at Beaumont


 

____________________



NO. 09-03-310 CV


____________________



CITY OF DAYTON, TEXAS, AND DAYTON 


VOLUNTEER FIRE DEPARTMENT, INC., Appellants



V.



MARK GATES AND SUE GATES, Appellees






On Appeal from the 253rd District Court


Liberty County, Texas


Trial Court Cause No. 64,403






OPINION


 Mark Gates and Sue Gates sued the City of Dayton, the Dayton Volunteer Fire
Department, Inc., Liberty County, and Emzey Joe Wisegerber, Sr., a volunteer assistant
fire chief, for damages resulting from a motor vehicle accident. (1) The trial court denied
a plea to the jurisdiction filed by the City and the Fire Department. The issue is whether
governmental immunity from suit has been waived.

Standard of Review


 A plea to the jurisdiction contests the trial court's authority to determine the subject
matter of the cause of action. See Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554
(Tex. 2000). We review a trial court's ruling on a plea to the jurisdiction de novo. See
Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).

Governmental Immunity


 Governmental immunity protects governmental units of the State from suit. Dallas
Area Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003). The Legislature must
clearly and unambiguously waive immunity from suit; if the Legislature has not waived
immunity from suit, a trial court lacks subject matter jurisdiction to consider a claim
against a governmental unit. Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 696,
701 (Tex. 2003). See also Tex. Gov't Code Ann. § 311.034 (Vernon Supp. 2004). The
parties agree that each of the appellants meets the definition of "governmental unit" in the
Tort Claims Act. See Tex. Civ. Prac. & Rem. Code Ann. § 101.001(1), (3) (Vernon
Supp. 2004). Section 101.025 of the Tort Claims Act waives a governmental unit's
immunity from suit "to the extent of liability created" by the Act. See Tex. Civ. Prac.
& Rem. Code Ann. § 101.025(a)(Vernon 1997); Texas Dep't of Transp. v. Ramirez, 74
S.W.3d 864, 866 (Tex. 2002). 

The Accident
 

 At the time of the accident, Emzey Joe Wisegerber was a volunteer assistant fire
chief for the Dayton Volunteer Fire Department. As he responded to an emergency call
one evening, he maneuvered his personal vehicle into a left-turn lane, but instead of
turning left, Wisegerber went straight and ran a red light as he went through the
intersection. Wisegerber failed to see Mark Gates, who was making a left turn from the
opposite direction, and Wisegerber's vehicle struck Mark Gates' motorcycle. 

Sections 101.021 and 101.062


 The Gates contend section 101.021 "modified by 101.062" is the source of the trial
court's jurisdiction. See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, 101.062
(Vernon 1997). They have alleged Wisegerber was responding to a 9-1-1 emergency call. 
The two sections are as follows:

 § 101.021. Governmental Liability


 A governmental unit in the state is liable for:


 (1) property damage, personal injury, and death proximately caused by the
wrongful act or omission or the negligence of an employee acting within his
scope of employment if:


 (A) the property damage, personal injury, or death arises from
the operation or use of a motor-driven vehicle or motor-driven
equipment; and 


 (B) the employee would be personally liable to the claimant
according to Texas law; and


 (2) personal injury and death so caused by a condition or use of tangible
personal or real property if the governmental unit would, were it a private
person, be liable to the claimant according to Texas law. 


(emphasis added).


 § 101.062. 9-1-1 Emergency Service


 (a) In this section, "9-1-1 service" and "public agency" have the meanings
assigned those terms by Section 771.001, Health and Safety Code.


 (b) This chapter applies to a claim against a public agency that arises from
an action of an employee of the public agency or a volunteer under direction
of the public agency and that involves providing 9-1-1 service or responding
to a 9-1-1 emergency call only if the action violates a statute or ordinance
applicable to the action. 


(emphasis added). 

Harris County v. Dillard


 Wisegerber was not employed by the Fire Department or by the City, but rather was
an unpaid volunteer. Section 101.021(1) says that a governmental unit of the State is liable
for the actions of an "employee" under specified circumstances. The Tort Claims Act
defines "employee" as "a person, including an officer or agent, who is in the paid service
of a governmental unit by competent authority[.]" See Tex. Civ. Prac. & Rem. Code
Ann. § 101.001(2) (Vernon Supp. 2004). In Harris County v. Dillard, 883 S.W.2d 166
(Tex. 1994), the Supreme Court held a governmental unit is not liable under section
101.021(1) of the Tort Claims Act for the actions of a person who is not a paid employee. 
There, a volunteer Harris County reserve deputy sheriff was involved in a head-on
collision, and Harris County was sued for the damages the deputy caused. See Dillard 883
S.W.2d at 167. The Supreme Court held the volunteer deputy was not an "employee" as
that term is defined in the Tort Claims Act, and governmental immunity was not waived
under Section 101.021(1). See id. at 167-68. (Tex. 1994).

 The Gates say the provisions of section 101.062 were not involved in Dillard, and
the section works as an express waiver of governmental immunity for acts of 9-1-1
volunteers working under the direction of a public agency. Appellees point out the fire
chief is a paid employee, the City directs the Fire Department, and Fire Department
volunteers are dispatched on emergencies by city employees. 

The Pleadings and the Briefs


 Appellants assert that the Gates' negligent supervision, training, and equipping
claims are not cognizable under the Texas Tort Claims Act. The Gates do not respond
directly in their briefs to those arguments, choosing to emphasize the "under direction"
language in section 101.062.

 Appellants cite cases where courts have held the Texas Tort Claims Act does not
waive governmental immunity regarding certain types of claims involving negligent
supervision or training. Some of the cases explain the specific claim at issue did not
involve tangible personal property under section 101.021(2); others say the specific claim
at issue involved a discretionary matter for which immunity was not waived under section
101.056. See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021, 101.056 (Vernon 1997);
see, e.g., Texas Dep't of Pub. Safety v. Petta, 44 S.W.3d 575, 580-84 (Tex.
2001)(negligent training claim did not involve use of tangible personal property, and did
not give rise to claim under Tort Claims Act); Norrell v. Gardendale Volunteer Fire
Dep't, 115 S.W.3d 114, 118 (Tex. App.--San Antonio 2003, no pet.); Brown v.
Montgomery County Hosp. Dist., 905 S.W.2d 481, 484 (Tex. App.--Beaumont, 1995, no
writ); McCord v. Memorial Med. Ctr. Hosp., 750 S.W.2d 362, 363 (Tex. App.--Corpus
Christi 1988, no writ); but see Texas A & M Univ. v. Bishop, 105 S.W.3d 646, 654-56
(Tex. App.--Houston [14th Dist.] 2002, no pet.)(negligent supervision claim involved
employees' use of tangible personal property); Smith v. University of Texas, 664 S.W.2d
180 (Tex. App.--Austin 1984, writ ref'd n.r.e.)(negligent supervision of volunteer). In
addressing certain negligent supervision claims in the context of governmental immunity,
the Supreme Court has noted a distinction between a claim asserting negligent formulation
of policy and one asserting negligent implementation of a mandatory policy which is
already in place. See Petta, 44 S.W.3d at 580. See also City of Brownsville v. Alvarado,
897 S.W.2d 750, 754 (Tex. 1995); State v. Terrell, 588 S.W.2d 784, 788 (Tex. 1979). 
Here, whether the City or Fire Department should have provided particular equipment,
training, or supervision may involve policy formulation, a discretionary matter for which
governmental immunity is not waived. See Tex. Civ. Prac. & Rem. Code Ann. §§
101.056, 101.055(3) (Vernon 1997); City of San Augustine v. Parrish, 10 S.W.3d 734, 740
(Tex. App.--Tyler 1999, pet. dism'd w.o.j.). Or, conceivably, the claims could involve
negligent implementation of established requirements. The Gates' pleadings do not state
clearly the basis for their claims. 

 The Gates attempt to narrowly focus the issue on appeal, but not on this distinction,
explaining in their latest brief as follows: 

 When Mark and Sue Gates . . . responded to the plea to the jurisdiction filed
in the trial court by the City of Dayton and Dayton Volunteer Fire
Department . . . , they argued multiple grounds for establishing jurisdiction. 
. . . Dayton's Brief of Appellants appropriately challenged each of the
grounds argued in the trial court. . . . In [their] appellate brief, however,
[appellees] significantly narrowed the scope of this appeal, choosing to argue
only one basis for jurisdiction: that sections 101.021 and 101.062 of the
Civil Practice & Remedies Code, read together, waive sovereign immunity
when volunteers, under the direction of a public agency, use motor vehicles
negligently and illegally and cause personal injuries to others. . . . Thus,
this appeal now boils down to the construction, interpretation, and
application of sections 101.021 and 101.062.

As we understand the Gates' position on appeal, they say the volunteer assistant fire chief
himself was negligent in causing the accident, and because he was under the direction of
public agencies, governmental immunity is waived. This interpretation of the Tort Claims
Act would result in a waiver of immunity if the unpaid volunteer was working for a public
agency, even if a paid employee was not negligent in directing the volunteer. Considering
Dillard, adopting the Gates' position on appeal would be an expansion of section
101.021(1) liability, and an expansion of the waiver of governmental immunity to suit, in
cases to which section 101.062 applies. 

Clear and Unambiguous Waiver?


 The specific question presented in this appeal is whether section 101.062 modifies
section 101.021(1) so as to expand the waiver of governmental immunity in section
101.021(1) to allow claims arising out of the action of a 9-1-1 emergency volunteer. In
addressing this question, we note the Legislature's instruction in the Code Construction Act
that "a statute shall not be construed as a waiver of sovereign immunity unless the waiver
is effected by clear and unambiguous language." See Tex. Gov't Code Ann. § 311.034
(Vernon Supp. 2004).

 Two recent Supreme Court decisions indicate the clarity of legislative expression
necessary to find waiver of immunity. See Taylor, 106 S.W.3d 692; Travis County v.
Pelzel & Assocs., Inc., 77 S.W.3d 246 (Tex. 2002). In Taylor, the Court was asked to
determine if a waiver of sovereign immunity was present in the following statutory
language in Tex. Health & Safety Code Ann. § 321.003 (Vernon 2001):

 (a) A treatment facility or mental health facility that violates a provision of,
or a rule adopted under, this chapter . . . is liable to a person receiving care
or treatment in or from the facility who is harmed as a result of the violation.


 (b) A person who has been harmed by a violation may sue for injunctive
relief, damages, or both.


See Taylor, 106 S.W.3d at 698. The Court reasoned, "Nowhere does this section
expressly authorize suit against the State of Texas. Therefore, we must examine whether
the statute waives the State's immunity by necessary implication." Id. The Court held:
"While the definition of 'mental health facility' includes state-operated facilities, it does
not contain the sort of explicit language the Legislature generally uses to confirm its intent
to waive sovereign immunity." Id. at 699. Finding the definitions to be ambiguous and
not the "express . . . intent beyond doubt" required to waive immunity, the Court further
held that the various incorporated definitions did not amount to the functional equivalent
of an explicit legislative directive waiving sovereign immunity. Id. at 701. Citing as an
example, among others, section 101.025(a) of the Tort Claims Act, the Court stated it had
"little difficulty" recognizing the Legislature's intent to waive immunity from suit where
the statute says "sovereign immunity to suit is waived." Taylor, 106 S.W.3d at 696-97. 
 In Pelzel, the plaintiff had contracted with the county to construct an office building
in Austin. Pelzel, 77 S.W.3d at 247. The county withheld $5,500 in alleged liquidated
damages on the ground that plaintiff had not completed the building timely. Id. Plaintiff
presented a claim to the Travis County Commissioners Court under the provisions of what
is now section 89.004 of the Texas Local Government Code. Id. The County refused the
claim and plaintiff filed suit in district court. Id. Travis County filed a plea to the
jurisdiction. Id.

 The relevant portion of the statute then in effect provided the following:

 (a) A person may not sue on a claim against a county unless the person has
presented the claim to the commissioners court and the commissioners court
has neglected or refused to pay all or part of the claim. (2) 


See Pelzel, 77 S.W.3d at 249.


 The Supreme Court agreed with the County's argument that because section 89.004
did not clearly and unambiguously waive immunity from suit, the trial court lacked
jurisdiction. Id. In examining the language of other statutes, the Court concluded the
provision "states only that a party must present its claim to the commissioners court, which
must neglect, refuse, or pay all of the claim before the party may file suit." Id. Citing
as an example of clarity section 101.025(a) of the Tort Claims Act, the Court observed that
the wording in section 89.004 "stands in stark contrast to other statutes that contain
language which does clearly and unambiguously waive sovereign immunity from suit." 
Pelzel, 77 S.W.3d at 249. 

 Turning to the statutory provisions in question here, because section 101.025(a)
clearly waives immunity to suit to the extent liability is "created" by the Tort Claims Act, 

we must decipher "the extent of liability created." See Tex. Civ. Prac. & Rem. Code
Ann. § 101.025(a) (Vernon 1997). See Ramirez, 74 S.W.3d at 866; Tex. Gov't. Code
Ann. § 311.023(1)(Vernon 1998); Tex. Civ. Prac. & Rem. Code Ann. § 101.025; 
Pelzel, 77 S.W.3d at 279. (3) While section 101.021(1) of the Tort Claims Act creates
liability in specified circumstances, section 101.021(1) does so only when the claims stem
from the action of a paid employee of the governmental unit. See Dillard, 883 S.W.2d at
167. Section 101.062(b) states restrictively that "[t]his chapter applies to a claim against
a public agency that arises from an action of an employee of the public agency or a
volunteer under direction of the public agency and that involves . . . responding to a 9-1-1
emergency call only if the action violates a statute or ordinance applicable to the action."
(emphasis added). (4) As it is phrased, the section appears to be an effort to restrict the
liability of public agencies responding to 9-1-1 calls, rather than an effort to "create"
additional liability. If a governmental unit's paid employee's actions result in potential
liability and a waiver of governmental immunity under the Tort Claims Act -- and the
claim against the public agency involves 9-1-1 emergency service -- section 101.062
requires proof of a violation of an applicable statute or ordinance before the public agency
can be held liable. The "volunteer under direction of" language in section 101.062(b)
would make the proof requirement applicable when a negligent paid employee is alleged
to be responsible for an act of a volunteer. But the language does not "modify" section
101.021(1) so as to "create" liability where no paid employee is alleged to be negligent
under section 101.021(1). The section does not clearly and unambiguously expand liability
of public agencies who are 9-1-1 responders; instead, it restricts liability to violations of
applicable statutes or ordinances, when the public agencies might otherwise be liable under
the Tort Claims Act. 

 We are not authorized to construe ambiguity in the liability "created" by the statute
as a waiver of governmental immunity. See Tex. Gov't Code Ann. § 311.034. 
Ambiguity works the other way when a court looks for a waiver of governmental
immunity. See Taylor, 106 S.W.3d at 697. We conclude the language in section
101.062(b) does not clearly and unambiguously waive governmental immunity. 
Specifically, we hold section 101.062 does not expand section 101.021(1) liability so as
to waive governmental immunity to suit for claims arising solely out of the action of an
unpaid volunteer responding to a 9-1-1 call. See City of El Paso v. Hernandez, 16 S.W.3d
409, 415-16 (Tex. App.--El Paso 2000, pet. denied) (holding section 101.062 does not
clearly and unambiguously waive sovereign immunity of a governmental unit).

 In a case not involving section 101.062, the Austin Court of Appeals has held that 
a governmental unit could be liable for the actions of a volunteer when the volunteer
carries out the duties of a paid state employee. See Smith, 664 S.W.2d at 190. But the
Supreme Court considered Smith in Dillard and stated that "liability [in Smith] was
predicated on the actions of a paid university employee who supervised volunteers, and not
the actions of the volunteers themselves." See Dillard, 883 S.W.2d at 167. The Supreme
Court ventured no opinion on whether Smith was rightly decided, since in Dillard the
plaintiffs did not complain of the actions of any paid employee. Id. 167-68 n.2; see
Bishop, 105 S.W.3d at 655-56 n.4. As we read Dillard, tort liability here must be
predicated on the actions of a paid employee and not solely on the actions of the volunteer.


 Amending Pleadings


 We are to liberally construe plaintiff's pleadings. See Ramirez, 74 S.W.3d at 867. 
Liberally construed, plaintiffs' pleadings would support an alternative claim that the
negligence of a paid employee also was responsible for the accident, a claim not based
solely on the acts of the volunteer, although plaintiffs' pleadings inconsistently disavow
any claim under the Tort Claims Act against the Fire Department. The Gates have asked
on appeal that they be permitted to amend their pleadings to allege sufficient jurisdictional
facts as to the Fire Department. Id. 

 A plaintiff is required to prove facts which are necessary to determine jurisdiction,
because a trial court cannot proceed without subject matter jurisdiction. See Bland Indep.
Sch. Dist., 34 S.W.3d at 554-55. In Bland, the Supreme Court said that "[w]hether a
determination of subject-matter jurisdiction can be made in a preliminary hearing or should
await a fuller development of the merits of the case must be left largely to the trial court's
sound exercise of discretion." Id. at 554. We see no facts in this record which would
support a negligence claim based on the actions of any paid employee. However, in the
interest of justice we will remand for the trial court to consider, consistent with this
opinion, whether any jurisdictional evidence supports a claim against the City or the Fire
Department, and to permit pleading amendment. 


 Conclusion


 The extent of waiver of governmental immunity is for the Legislature to determine. 
Dillard, 883 S.W.2d at 168. Because plaintiffs have not shown a clear and unambiguous
waiver of governmental immunity under section 101.062 for a claim arising solely out of
the actions of an unpaid volunteer, the trial court lacked subject matter jurisdiction to
consider that claim, which we dismiss today. We remand the remainder of plaintiffs'
claims in the interest of justice for further proceedings consistent with this opinion. 

 REVERSED AND RENDERED IN PART; REMANDED IN PART.


 _________________________________

 DAVID B. GAULTNEY

 Justice


Submitted on November 20, 2003

Opinion Delivered January 8, 2004

 

Before McKeithen, C.J., Burgess and Gaultney, JJ. 
1. Liberty County and Wisegerber are not parties to this interlocutory appeal. 
2. Act of May 1, 1987, 70
th Leg., R.S., ch. 149, §1, sec. 81.041, 1987 Tex. Gen.
Laws 707, 793 (amended 1999, 2003)(current version at Tex. Loc. Gov't Code Ann. §
89.004(a) (Vernon Supp. 2004). 
3. In Kerrville State Hosp. v. Fernandez, 28 S.W.3d 1, 3 (Tex. 2000), the Supreme
Court stated: "The clear and unambiguous requirement is not an end in itself, but merely
a method to guarantee that courts adhere to legislative intent. Therefore, the doctrine
should not be applied mechanically to defeat the true purpose of the law." 
4. Section 101.021 is found in Subchapter B of the Act, a subchapter entitled "Tort
Liability of Governmental Units." Section 101.062 is found in Subchapter C of the Act,
a subchapter entitled "Exclusions and Exceptions."