CIty of Cleburne v. Central Appraisal District of Johnson County















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-00154-CV

Â Â Â Â Â CITY OF CLEBURNE,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â CENTRAL APPRAISAL DISTRICT 
Â Â Â Â Â OF JOHNSON COUNTY AND 
Â Â Â Â Â APPRAISAL REVIEW BOARD 
Â Â Â Â Â OF JOHNSON COUNTY,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellees
 

From the 18th District Court
Johnson County, Texas
Trial Court # C200100264
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â The trial court dismissed the City of Cleburneâs suit against the Central Appraisal District
of Johnson County, the Appraisal Review Board, and One Cobblestone Village, Ltd., a
taxpayer, for want of jurisdiction. Because the City has demonstrated the basis for
jurisdiction, we will reverse the order.
Â Â Â Â Â Â In July of 2000, the Appraisal District agreed with Cobblestone to set the appraisal value
of an apartment complex in Cleburne at $7,601,785. In January of 2001, Cobblestone filed a
motion with the Review Board to correct a âsubstantial errorâ in the appraisal. In April, the
Review Board heard the motion, and on May 1, 2001, reduced the value of the property to
$4,200,000. The City was not notified of that hearing.
Â Â Â Â Â Â After the District and the Board refused to set aside the May 1 order, the City filed suit in
the 18th District Court of Johnson County, seeking an injunction to prevent implementation of
the order, which it characterizes as âvoid,â and to compel the District to comply with the Tax
Code. The District and the Board filed a plea to the jurisdiction. Cobblestone filed a separate
plea to the jurisdiction. The courtâs global order dismisses the Cityâs cause of action with
prejudice, removes it from the docket of the court, taxes costs against the City, and denies all
relief not specifically granted.
Â Â Â Â Â Â A plea to the jurisdiction challenges the trial court's authority to determine the subject
matter of a cause of action. City of Dayton v. Gates, 126 S.W.3d 288, 289 (Tex.
App.âBeaumont 2004, no pet. h.) (citing Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547,
554 (Tex. 2000)). The existence of subject-matter jurisdiction is a question of law; thus, we
review de novo the trial court's ruling on a plea to the jurisdiction. Id. In deciding a plea to
the jurisdiction, we may not weigh the claims' merits but must consider only the plaintiff's
pleadings and the evidence pertinent to the jurisdictional inquiry. County of Cameron v.
Brown, 80 S.W.3d 549, 555 (Tex. 2002).
Â Â Â Â Â Â Section 24.119 of the Government Code creates the 18th District Court. Tex. Govât
Code Ann. Â§ 24.119 (Vernon 2004). Article 43.01 of the Tax Code authorizes the City to sue
the Appraisal District to compel it to comply with the Code. Tex. Tax Code Ann. Â§ 43.01
(Vernon 2001). The Supreme Court has pointed out that a district court in Texas is a court of
general jurisdiction. Dubai Petroleum Co. v. Kazi, 12 S.W.3d 71, 75 (Tex. 2000). The
jurisdiction of a district court "consists of exclusive, appellate, and original jurisdiction of all
actions, proceedings, and remedies, except in cases where exclusive, appellate, or original
jurisdiction may be conferred by this Constitution or other law on some other court, tribunal,
or administrative body." Id. (citing Tex. Const. art. V, Â§ 8). By statute, district courts have
"the jurisdiction provided by Article V, Section 8, of the Texas Constitution." Id. (citing Tex.
Govât Code Ann. Â§ 24.007 (Vernon 2004)). A district court "may hear and determine any
cause that is cognizable by courts of law or equity and may grant any relief that could be
granted by either courts of law or equity." Tex. Govât Code Ann. Â§ 24.008 (Vernon 2004). 
For "courts of general jurisdiction . . . the presumption is that they have subject matter
jurisdiction unless a showing can be made to the contrary." Dubai Petroleum, 12 S.W.3d at
75.
Â Â Â Â Â Â The City has asserted a claim against the District to compel compliance with the Tax
Code, a claim against the Board to prevent enforcement of an order claimed to be void, and a
claim against Cobblestone as a party whose rights would be affected by the judgment. Without
regard to whether the claims have merit, we believe that the district court had jurisdiction of
them. We reverse the trial courtâs Order of Dismissal and remand the cause for further
proceedings.
Â 
Â 





Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BILL VANCE
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Before Chief Justice Gray,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Reyna
Reversed and remanded
Opinion delivered and filed July 7, 2004
[CV06]



yes'> Johnson occasionally stayed at the home where
the victim lived with her mother and father.Â 
The victim, who was seven years old at the time of the incident and
eight years old at the time of her testimony, testified that one night she was
sleeping on a couch in the living room and Johnson was sleeping on another
couch.Â  She testified that he got on top
of her, that she felt his penis on her leg, that he put his penis in her mouth,
that he rubbed her ÂprivateÂ with his finger, that he put his hand on her behind,
and that he put his penis in her Âbutt.Â

Legal and Factual Insufficiency

Â Â Â Â Â Â Â Â Â  When reviewing the legal sufficiency of the evidence, we view all
of the evidence in the light most favorable to the verdict to determine
whether any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt.Â  Jackson v. Virginia, 443 U.S.
307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d
560 (1979).Â  We review factual
sufficiency by considering all of
the evidence in a neutral light to determine whether a jury was rationally
justified in finding guilt beyond a reasonable doubt.Â  Zuniga v. State, No. 539-02, 2004 WL
840786, at *7 (Tex. Crim. App. April 21, 2004).

Â Â Â Â Â Â Â Â Â  Johnson
argues that the evidence was legally and factually insufficient to establish
Johnson penetrated the victimÂs sexual organ with his sexual organ.Â  Johnson argues that there was no direct
testimony that JohnsonÂs penis penetrated the victimÂs vagina.Â  We first note that neither the charge nor the
statute require the state to prove penetration.Â 
It is sufficient for a conviction under section 22.021 that the
defendant caused the sexual organ of a child to contact the sexual organ of the
defendant. Â See Tex.
Pen. Code Ann. Â§ 22.021 (Vernon
Supp. 2004).Â  The uncorroborated
testimony of a child victim is sufficient to support a conviction for
aggravated sexual assault.Â  See Tex.
Code Crim. Proc. Ann. art 38.07 (Vernon Supp. 2004).Â  Â Â The
victim made a drawing during an interview in which she drew an arrow from
JohnsonÂs penis to her Âprivate.Â Â The
victim testified that she felt his penis on her ÂprivateÂ and she pointed to
the vaginal area on a doll.Â  There was
medical testimony that the victimÂs hymen was thin, which was characterized as
suspicious (but not conclusive of sexual assault having occurred).

Â Â Â Â Â Â Â Â Â  Johnson also argues that the evidence
was legally and factually insufficient to establish Johnson penetrated the
victimÂs anus with his sexual organ.Â  We
again note that the statute and the charge do not require proof of penetration
and that a finding that Johnson caused the victimÂs anus to contact his sexual
organ would support a conviction under section 22.021.Â  See
Tex. Pen. Code Ann. Â§
22.021.Â  The victim made a drawing during
an interview on which she wrote Âhis penes went in my buhinneÂ and she
testified that meant Âhis penis went in my butt.ÂÂ  She testified that it hurt her behind Âaround
and inside.Â Â 

Â Â Â Â Â Â Â Â Â  Considering all of the evidence in the
light most favorable to the verdict, we cannot say the jury was irrational in
finding beyond a reasonable doubt that Johnson caused the victimÂs sexual organ
and anus to contact or be penetrated by his sexual organ.Â  Jackson,
443 U.S. at
318-19, 99 S.Ct. at 2788-89.Â  The
evidence is legally sufficient.Â 
Considering all of the evidence in a neutral light, we cannot say the
jury was not rationally justified in finding that Johnson caused the victimÂs sexual
organ and anus to contact or be penetrated by his sexual organ. Â Zuniga, 2004 WL 840786, at *7.Â  The evidence is factually sufficient.

Â Â Â Â Â Â Â Â Â  Johnson also argues that the evidence
was legally and factually insufficient to establish that Johnson penetrated the
victimÂs anus with his finger. Â We presume
that is the reason the jury returned a verdict of not guilty on that
count.Â  Because Johnson was found not
guilty of penetrating the victimÂs anus with his finger, we need not consider this
issue.

Â Â Â Â Â Â Â Â Â  We overrule all of JohnsonÂs factual
and legal sufficiency issues.

Â VictimÂs
Testimony

Â Â Â Â Â Â Â Â Â  Johnson argues that the trial court
erred by denying JohnsonÂs motion to prevent the victim from testifying.Â  Prior to trial, Johnson filed a motion for an
Âidentification hearingÂ and the motion was granted.Â  Johnson urges us to consider this pretrial
hearing as a ÂtaintÂ hearing and would have us follow the test for determining
the reliability of a child witnessÂ pretrial statements and in-court testimony
set forth by the New Jersey Supreme Court in State v. Michaels.Â  642 A.2d
1372 (N.J. 1994).Â  In Michaels, the New
 Jersey court recognized that Âthe use of highly
suggestive interrogation techniques can create a significant risk that the
interrogation itself will distort the childÂs recollection of events, thereby undermining
the reliability of the statements and subsequent testimony concerning such
events.ÂÂ  Id. at
1379.Â  The court stated that the concern
with the reliability of statements resulting from suggestive or coercive
interview techniques[1]
implicates Âprinciples of due process.ÂÂ  Id. at
1380.Â  The court placed the initial
burden to trigger a pretrial taint hearing on the defendant, who must make a
showing of Âsome evidenceÂ that the victimÂs statements were the product of
suggestive or coercive interview techniques.Â 
Once the defendant establishes sufficient evidence of unreliability of
statements at the pretrial hearing, the burden shifts to the state to prove
reliability of proffered statements and testimony by clear and convincing
evidence.Â  Id. at 1383.

Â Â Â Â Â Â Â Â Â  Johnson presented an expert witness
that testified at the hearing that it was improper for the interviewer to bring
up JohnsonÂs name during the forensic interview in which the child victim
initially made her allegation of sexual abuse.Â 
The expert also stated that the interview went on for too long, that
many of the questions were leading, that the questions were closed rather than
open, that the questioning was one-sided, and that the child was given improper
incentives.Â  The expert concluded that as
a result there was no way to be sure whether the childÂs later statements
concerned actual events or things suggested to her during the interview.Â  At the conclusion of the hearing, the trial
court found that the Âidentification procedureÂ was Âunduly suggestive,Â but
that the victimÂs testimony was still reliable.[2]

Â Â Â Â Â Â Â Â Â  Johnson argues that he therefore met
his threshold burden to show unreliability and the state failed to meet its
burden to prove by clear and convincing evidence that the victimÂs statements
were sufficiently reliable to be admitted.Â 
However, Texas has not
adopted the rationale of State v.
Michaels, and we decline to do so here.Â 
The admissibility of the victimÂs testimony and qualification to be a
witness is within the discretion of the trial court.Â  Tex.
R. Evid. 104(a).Â  Johnson relies
almost exclusively on State v. Michaels
and presents no other argument that the trial court abused its discretion in admitting
the victimÂs testimony.

Â Â Â Â Â Â Â Â Â  We overrule the issue.

Conclusion

Â Â Â Â Â Â Â Â Â  Having overruled the issues, we affirm
the judgment.

Â 

Â 

BILL VANCE

Justice

Â 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion delivered and filed November
 10, 2004

Do not publish 

[CRPM]











Â Â Â  [1]Â Â Â Â Â Â  The court referred to two sets of
guidelines for conducting interviews designed to overcome the dangers of
improper interrogation of young children:Â 
American Prosecutors Research Institute, National Center for Prosecution
of Child Abuse, Investigation and
Prosecution of Child Abuse (1987) and GovernorÂs Task Force on Child Abuse
and Neglect, Child Abuse and Neglect: A
ProfessionalÂs Guide to Identification, Reporting, Investigation and Treatment
(1988).

Â 





Â Â Â  [2]Â Â Â Â Â Â  JohnsonÂs characterization of the hearing
notwithstanding, our review of the record persuades us that the only issue
considered by the trial court in the hearing was whether to allow the use of
identification testimony from a witness who was subjected to an impermissibly
suggestive pretrial identification procedure.Â 
See Webb v. State, 760 S.W.2d
263, 269 (Tex. Crim. App. 1988).