In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-055 CV


____________________



TEXAS DEPARTMENT OF LICENSING AND REGULATION, Appellant



V.



MARIA PALLOTTA, DAVID LOPEZ, DOLPHIN TECHNICAL INSTITUTE,


AND CAROLYN MODICA, Appellees






On Appeal from the 172nd District Court


Jefferson County, Texas


Trial Cause No. E-165031






MEMORANDUM OPINION


 Appellees Maria Pallotta, David Lopez, and Dolphin Technical Institute filed suit
against Carolyn Modica (1) and appellant Texas Department of Licensing and Regulation
("TDLR"). Appellees sought injunctive and declaratory relief against TDLR pursuant to 42
U.S.C. § 1983 and the Texas Constitution. Appellees also alleged TDLR "negligently failed
to train and/or supervise Modica[.]" TDLR filed a plea to the jurisdiction asserting sovereign
immunity. The trial court denied TDLR's plea to the jurisdiction, and TDLR filed this
appeal. We reverse and render in part and reverse and remand in part. 

Background


 In their fourth amended petition, (2) appellees Pallotta and Lopez alleged they own
Dolphin, a trade school attended by a predominantly minority student body. Other pertinent
allegations are as follows: Modica, a white female employed as an inspector for TDLR,
prompted one of Dolphin's students to falsely allege that appellees had made certain
bookkeeping errors and to file a complaint with the Department of Education; the
Department of Education dismissed the charges, but Modica used the complaint to justify a
walk-through inspection of Dolphin on December 21, 2000; during the walk-through
inspection, Modica demanded to see Dolphin's time records, and when shown the records,
she "grabbed" them and refused to return them. The most serious allegation leveled against
Modica is that, on the date in question, she physically assaulted Pallotta by slamming her
head against a wall. (3) According to appellees, Modica's conduct was "substantially motivated
. . . by [c]onstitutionally proscribed discriminatory motives," TDLR ratified Modica's
conduct, and Modica was a "policy-maker" of TDLR. (4)

Analysis


 We review the trial court's ruling on a plea to the jurisdiction de novo. Mayhew v.
Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998); City of Dayton v. Gates, 126 S.W.3d
288, 289 (Tex. App.--Beaumont 2004, no pet.). In doing so, we must determine whether
appellees alleged facts that affirmatively demonstrate the court's jurisdiction. Tex. Dep't of
Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). In deciding whether
appellees affirmatively demonstrated the court's jurisdiction to hear the cause, "we consider
the facts alleged by the plaintiff and, to the extent it is relevant to the jurisdictional issue, the
evidence submitted by the parties." Tex. Natural Res. Conservation Comm'n v. White, 46
S.W.3d 864, 868 (Tex. 2001). The pleadings must be liberally construed in favor of
jurisdiction. Peek v. Equip. Serv. Co. of San Antonio, 779 S.W.2d 802, 804 (Tex. 1989). 
When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not
affirmatively demonstrate incurable defects in jurisdiction, the plaintiff should be afforded
the opportunity to amend. Id. at 805. However, if the pleadings affirmatively negate the
existence of jurisdiction, a plea to the jurisdiction may be granted without giving appellees
an opportunity to amend their pleadings. See County of Cameron v. Brown, 80 S.W.3d 549,
555 (Tex. 2002). 

 42 U.S.C.A. § 1983 provides as follows:

 Every person who, under color of any statute, ordinance, regulation, custom,
or usage, of any State or Territory . . . subjects, or causes to be subjected, any
citizen of the United States or other person within the jurisdiction thereof to
the deprivation of any rights, privileges, or immunities secured by the
Constitution and laws, shall be liable to the party injured in an action at law,
suit in equity, or other proper proceeding for redress. . . . 


In analyzing the issue of whether sovereign immunity applies to actions brought against the
State pursuant to § 1983, the U.S. Supreme Court noted:

 Given that a principal purpose behind the enactment of § 1983 was to provide
a federal forum for civil rights claims, and that Congress did not provide such
a federal forum for civil rights claims against States, we cannot accept
petitioner's argument that Congress intended nevertheless to create a cause of
action against States to be brought in state courts, which are precisely the
courts Congress sought to allow civil rights claimants to avoid through § 1983.


Will v. Mich. Dep't of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). 
The Court stated, "We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent." Id. at 67. Therefore,
the Court held that the State and "arms of the State" are not persons under § 1983. Id. at 70-71. (5) Appellees attempt to distinguish Will by asserting that its holding applies only to suits
for damages, and that it does not apply to actions for "prospective relief." In Will, the
petitioner sued for constitutional violations under § 1983. Id. at 60. The Court's opinion did
not discuss the specific nature of the relief sought by the petitioner or distinguish claims for
"prospective relief" from other claims under § 1983. Id. Therefore, we reject appellees'
narrow reading of Will.

 Although the State may be sued for injunctive and declaratory relief under certain
circumstances, the State and its arms cannot be sued under § 1983 in state court. See id. at 
66; see generally McLane Co., Inc. v. Strayhorn, 148 S.W.3d 644, 648-49 (Tex. App.--Austin 2004, pet. denied) (Sovereign immunity barred plaintiffs' claims seeking injunctive
and declaratory relief against Comptroller of Public Accounts because a suit that seeks to
impose liability on the State or to control State action is a suit against the State and may not
be maintained without a waiver of sovereign immunity.). Appellees' petition affirmatively
demonstrates that their claims under § 1983 are barred by sovereign immunity. See County
of Cameron, 80 S.W.3d at 555.


 In their petition, appellees phrase their request for declaratory relief as follows:

 As against the Commission, under both the State and federal constitutions,
Plaintiffs seek declaratory relief and a mandatory injunction which would
protect Plaintiffs in the future from indifferent bureaucrats, who do not believe
in constitutional rights of individuals or basic principles of fundamental
fairness [to] all, as will be explicated during trial.


In their prayer, appellees ask the court to "declare Defendants to have violated Plaintiffs'
Constitutional rights as secured to them by the Constitutions of the State of Texas and of the
United States of America[.]"

 The Uniform Declaratory Judgments Act (UDJA) provides as follows: "A
person . . . whose rights, status, or other legal relations are affected by a statute, municipal
ordinance, contract, or franchise may have determined any question of construction or
validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a
declaration of rights, status, or other legal relations thereunder." Tex. Civ. Prac. & Rem.
Code Ann. § 37.004(a) (Vernon 1997). Initially, we note that appellees do not assert that
their legal rights have been affected by a particular statute, ordinance, contract, or franchise. 
However, assuming arguendo that appellees' claims fit within Tex. Civ. Prac. & Rem. Code
Ann. § 37.004(a), we note that the UDJA does not enlarge the existing jurisdiction of the
trial court or create new jurisdiction. Tex. Natural Res. Conservation Comm'n v. IT-Davy,
74 S.W.3d 849, 855 (Tex. 2002). A declaratory judgment is not available if the court does
not have jurisdiction over the underlying cause of action. Chenault v. Phillips, 914 S.W.2d
140, 141 (Tex. 1996).

 Although appellees' claims are less than artfully pled, it appears the declaratory relief
appellees seek for the alleged violation of their federal constitutional rights stems 
from § 1983, which creates a right of recovery for such violations. See 42 U.S.C.A. § 1983. 
We have held that the trial court lacked subject matter jurisdiction of appellees' § 1983
claims against TDLR because same are barred by sovereign immunity. Therefore, the trial
court also lacked jurisdiction over the § 1983 claims under the UDJA. See Chenault, 914
S.W.2d at 141.

 This applies to appellees' request for injunctive relief under § 1983 as well. A suit
that seeks to control State action pursuant to § 1983 is a suit against the State and may not
be maintained absent a waiver of sovereign immunity. McLane Co., 148 S.W.3d at 649. 
Appellees' purported claim for injunctive relief, while not included in the prayer, is phrased
in the body of their petition as a request for protection "in the future from indifferent
bureaucrats[.]" Such a request for injunctive relief clearly seeks to control or force the
cessation of State action, and, as such, is barred by sovereign immunity. See id.; see also
generally King v. Tex. Dep't of Human Servs., 28 S.W.3d 27, 33 (Tex. App.--Austin 2000,
no pet.) (Request for injunctive relief placing plaintiff in position he alleged he was deprived
of for discriminatory reasons was barred by sovereign immunity.) "When a party seeks to
enjoin the activities of a state agency, it must sue an individual in authority at the agency and
not the agency itself." Nabejas v. Tex. Dep't of Pub. Safety, 972 S.W.2d 875, 876 (Tex.
App.--Corpus Christi 1998, no pet.). We find that appellees' request for injunctive relief
pursuant to § 1983 is barred by sovereign immunity.

 We now turn to appellees' claims for injunctive and declaratory relief under the Texas
Constitution. Appellees' petition alleges violations of the Texas Constitution as follows:

 Plaintiffs seek relief under the Uniform Declaratory Judgment Act, whereby
the Defendants would be declared to have violated the rights of Plaintiffs, as
secured by the Constitutions of the State of Texas. . . . 


 . . . .

 

 As against [TDLR], under both the State and federal constitutions, Plaintiffs
seek declaratory relief and a mandatory injunction which would protect
Plaintiffs in the future from indifferent bureaucrats, who do not believe in
constitutional rights of individuals or basic principles of fundamental fairness
. . ., as will be explicated during trial. 

 

 . . . .

 

 For these reasons, Plaintiffs ask that Defendants be cited to appear and answer
and that the Court . . . declare Defendants to have violated Plaintiffs'
[c]onstitutional rights as secured to them by the Constitutions of the State of
Texas and of the United States of America; . . . award Plaintiffs . . . a
mandatory injunction against the Executive Director of . . . [TDLR], to cease
violation [of] Plaintiffs' rightsfor [sic] events arising out of the matters made
the basis of this suit.



Claims asserting violations of self-enacting provisions of the Texas Constitution are not
barred by sovereign immunity. Nueces County v. Ferguson, 97 S.W.3d 205, 217 (Tex.
App.--Corpus Christi 2002, no pet.). "A constitutional provision is said to be self-enacting
when it supplies a rule sufficient to protect the right given or permit enforcement of the duty
imposed." Ware v. Miller, 82 S.W.3d 795, 803 (Tex. App.--Amarillo 2002, pet. denied). 

 Appellees' petition must affirmatively demonstrate the trial court's jurisdiction. See
Miranda, 133 S.W.3d at 226. Appellees' petition does not identify the specific provisions
of the Texas Constitution that they contend TDLR violated, nor does it plead sufficient facts
explaining the nature of their claims for injunctive and declaratory relief against TDLR under
the Texas Constitution. Because appellees must plead facts establishing the trial court's
jurisdiction, the trial court should have required appellees to replead their state constitutional
claims for injunctive and declaratory relief. See Miranda, 133 S.W.3d at 226; Peek, 779
S.W.2d at 805.

 Although appellees do not include a prayer for damages from TDLR for negligent
supervision and training of Modica, the body of appellees' petition pleads such a claim. The
Texas Tort Claims Act provides a limited waiver of sovereign immunity, as follows:

 A governmental unit in the state is liable for:

 (1) property damage, personal injury, and death proximately caused
by the wrongful act or omission or the negligence of an employee acting
within his scope of employment if:


 (A) the property damage, personal injury, or death arises from
the operation or use of a motor-driven vehicle or motor-driven equipment; and


 (B) the employee would be personally liable to the claimant
according to Texas law; and


 (2) personal injury and death so caused by a condition or use of
tangible personal or real property if the governmental unit would, were it a
private person, be liable to the claimant according to Texas law.


Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 2005). Claims for negligent training
and supervision do not fall within the Tort Claims Act's waiver of sovereign immunity. Tex.
Dep't of Pub. Safety v. Petta, 44 S.W.3d 575, 580-81 (Tex. 2001) (Claims of negligent
training and supervision do not involve use of tangible personal or real property, and are
therefore barred by sovereign immunity.); see Tex. Civ. Prac. & Rem. Code Ann. 
§ 101.021. To the extent appellees' claim involves the assault, it is likewise barred by
sovereign immunity. See Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2) (Vernon 2005)
(Tort Claims Act does not apply to a claim arising from assault or any other intentional tort.). 
 Each of the § 1983 claims asserted in appellees' petition affirmatively negates the
existence of jurisdiction. As to appellees' claims under the Texas Constitution, the trial court
erred by entering an order denying TDLR's plea to the jurisdiction rather than requiring
appellees to replead said claims. We reverse the trial court's order and render judgment
dismissing appellees' § 1983 claims for want of jurisdiction, and we remand appellees'
claims under the Texas Constitution for further proceedings consistent with this opinion.

 REVERSED AND RENDERED IN PART; REVERSED AND REMANDED IN
PART. 

 


 ______________________________

 STEVE McKEITHEN 

 Chief Justice



Submitted on July 6, 2006

Opinion Delivered August 24, 2006


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Modica did not join TDLR's plea to the jurisdiction, and the order appealed from
does not adjudicate her rights. Modica has not filed a brief in this interlocutory appeal. 
Modica remains a party in the trial court. 
2. Appellees filed their fourth amended petition and motion for leave to file same
concurrently with their response to TDLR's plea to the jurisdiction. In its order denying
TDLR's plea to the jurisdiction, the trial court granted appellees' motion for leave to file the
fourth amended petition. Therefore, we presume the fourth amended petition is the one
considered by the trial court.
3. Modica was convicted of misdemeanor assault, and in a previous opinion, this Court
affirmed her conviction. See Modica v. State, 151 S.W.3d 716 (Tex. App.--Beaumont 2004,
pet. ref'd), cert. denied, 74 U.S.L.W. 3703, 2006 WL 1002770 (2006). 
4. Because we find that the trial court had no jurisdiction, we do not reach the
inadequacy of appellant's pleadings regarding § 1983; however, mere allegations do not
create jurisdiction where none exists.
5. We note that municipalities and political subdivisions, unlike arms of the State, may
be sued under § 1983. See Howlett, 496 U.S. at 376; Monell v. New York City Dep't of Soc.
Servs., 436 U.S. 658, 663, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The parties apparently
agree that TDLR is an arm of the State.