In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-17-00284-CV**

_____

**THE CITY OF BEAUMONT, TEXAS, Appellant**

**V.**

**INTERFLOW FACTORS CORPORATION, Appellee**

**On Appeal from the County Court at Law No. 1**
**Jefferson County, Texas**
**Trial Cause No. 130641**

**MEMORANDUM OPINION**

This is an appeal from the trial court's order denying a plea to the jurisdiction in a suit involving the City of Beaumont's assertion of sovereign immunity. We affirm the trial court's order denying the plea to the jurisdiction.

BACKGROUND

Interflow Factors Corporation ("Interflow") sued the City of Beaumont, Texas ("the City") and Valory Barnett, individually and d/b/a PCLC Landscape

1

Management,[1] alleging that the City contracted with Barnett to provide landscaping services and waived its immunity from liability and from suit when it did so. Interflow alleged that Barnett executed an agreement with Interflow "for the purpose of factoring the invoices of her business" and assigned to Interflow "the right to collect payment on present and future accounts receivable owed by [the] City to PCLC[]" pursuant to that agreement. Interflow pleaded that it subsequently provided a Notice of Assignment to the City, in which it informed the City of Interflow's right to collect payment on present and future accounts receivable that the City owed to Barnett, and the City then made "over thirty electronic payments" to Interflow based upon invoices Barnett submitted.

Interflow alleged that, at Barnett's request, the City directly paid Barnett for four invoices that totaled $11,847.00. According to Interflow, Barnett's actions in requesting direct payments from the City, using direct payments from the City, and refusing to turn the payments over to Interflow constituted breaches of the factoring agreement and caused Interflow to suffer damages. Interflow asserted that when the City received notice of the assignment, it became obligated to pay the invoices to Interflow, and the City was obligated to inquire about the status of the factoring

_____

[1]We refer to Barnett and PCLC Landscape Management collectively as "Barnett."

2

agreement before paying Barnett directly. According to Interflow, the City's payments to Barnett did not discharge the City's liability to Interflow pursuant to the invoices.

After filing its answer, the City filed a plea to the jurisdiction, in which it asserted that (1) it had not waived its immunity from Interflow's breach of contract claims, (2) it had fulfilled its contractual obligations, and (3) the payment of additional monies would result in unjust enrichment. According to the City, Interflow merely provided a loan to Barnett, and did not provide goods or services to the City, and the agreement was not properly executed on behalf of the City. Attached to the City's plea as evidence were Barnett's formal bid contract with the City, the notice of assignment the City received from Interflow, and payment records between the City and Barnett.

Interflow filed a response to the City's plea to the jurisdiction, as well as a brief in support of its response. Interflow asserted that by contracting with Barnett, the City waived its right to immunity, and that because of the assignment, Interflow now "stands in the shoes of Barnett when seeking to collect invoices from [the] City." According to Interflow, the assignment from Barnett to Interflow "does not revive the immunity already waived by [the] City." Interflow cited *First-Citizens Bank & Trust Co. v. Greater Austin Area Telecommunications Network*, 318 S.W.3d

3

560 (Tex. App.—Austin 2010, no pet.), as support for its contention that the City had waived immunity as to both Barnett and her assignee, Interflow. In response, the City argued that *First-Citizens Bank & Trust Co.* ("First-Citizens") is distinguishable because in that case, the municipality was withholding money, whereas the City is not withholding money in this case.

The trial judge initially signed an order granting the City's plea to the jurisdiction, but then withdrew that order and signed an order denying the plea to the jurisdiction after Interflow filed a motion for reconsideration. The City then filed this accelerated interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2017).

## THE CITY'S ISSUE

In its sole appellate issue, the City challenges the trial court's denial of its plea to the jurisdiction. We review the trial court's jurisdictional ruling *de novo*. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998); *City of Dayton v. Gates*, 126 S.W.3d 288, 289 (Tex. App.—Beaumont 2004, no pet.). We must liberally construe the pleadings in favor of jurisdiction and determine whether Interflow alleged facts that affirmatively demonstrate the trial court's jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Peek v. Equip. Serv. Co. of San Antonio*, 779 S.W.2d 802, 804 (Tex. 1989). In determining

4

whether Interflow affirmatively demonstrated the trial court's jurisdiction, "we consider the facts alleged by the plaintiff and, to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties." *Tex. Nat. Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001). We do not consider the merits of the claim except to the extent necessary to determine jurisdiction. *Miranda*, 133 S.W.3d at 226-27.

In *First-Citizens Bank & Trust Co.,* a contractor that sold cabling and installation services assigned its accounts receivable to First-Citizens. *Id.* at 563. First-Citizens sued Greater Austin Area Telecommunications Network ("Greater Austin") and Austin Independent School District ("Austin ISD") for breach of contract. *Id.* at 563. Greater Austin and Austin ISD filed a plea to the jurisdiction, in which they asserted that the claim was barred by sovereign immunity. *Id.* The trial court granted the plea to the jurisdiction, and First-Citizens appealed. *Id.*

First-Citizens argued that, as a lawful assignee of the contractor's right to payment under the contract, section 271.152 of the Local Government Code waived sovereign immunity. *Id.* at 563-64. Section 271.152 provides as follows:

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

5

Tex. Loc. Gov't Code Ann. § 271.152 (West 2016). As the *First-Citizens* court explained, because the statute that waives immunity does not create a cause of action for breach of contract, "we look to the statute not to determine if the claims are assignable but only to see if sovereign immunity is waived." *First-Citizens*, 318 S.W.3d at 567. After examining the plain meaning of section 271.152 and examining whether the Legislature intended the statute to apply to assignees, the *First-Citizens* court noted that nothing in the statute limits who can sue on the contract, nor does the statute indicate that the Legislature intended to exclude assignees from its reach. *Id.* at 567-68. In addition, the court in *First-Citizens* held that the legislative history of subchapter I, in which section 271.152 is found "suggests that the [L]egislature intended to enact a relatively broad waiver." *Id.* at 568. The *First-Citizens* court then concluded that the Legislature "waived sovereign immunity for suits brought by assignees of those who enter into contracts that are subject to subchapter I." *Id.*

We conclude that there is no meaningful distinction between the facts presented in the case at bar and *First-Citizens*, and we find the reasoning of our sister Court of Appeals persuasive. For the reasons explained in *First-Citizens*, we conclude that the City waived its sovereign immunity as to Barnett's assignee, Interflow. *See id.* at 564-68. Accordingly, the trial court did not err by denying the

6

City's plea to the jurisdiction. *See id*. We overrule the City's sole appellate issue and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on November 22, 2017
Opinion Delivered December 21, 2017

Before McKeithen, C.J., Kreger and Johnson, JJ.