NO. 07-09-00163-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 

 MARCH 12, 2010



 



 

POTTER COUNTY, TEXAS AS PLAN 

ADMINISTRATOR FOR THE HEALTH

BENEFITS PLAN FOR THE EMPLOYEES OF

 POTTER COUNTY, TEXAS, APPELLANT

 

v.

 

RONDA TUCKNESS AND

MICHAEL TUCKNESS, APPELLEES



 



 

 FROM THE 47TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 96,379-A; HONORABLE PAT PHELAN, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

OPINION

 

 

Appellant Potter
County brings this interlocutory appeal from an order denying its plea to the
jurisdiction.[1]  The County contends it is immune from suit in
the underlying action to recover health care benefits brought by appellees Ronda Tuckness and her
husband Michael Tuckness.  Finding the County’s governmental immunity
has not been waived, we will reverse the order of the
trial court and render judgment dismissing the Tucknesses= case for want of
jurisdiction.

Background

According to the
live petition of the Tucknesses,[2]
Mrs. Tuckness is employed by the County and covered
by its AEmployee Health
Benefit Plan.@[3]  She purchased additional health care coverage
under the plan for Mr. Tuckness.  Mr. Tuckness
sustained a back injury and was scheduled for surgery.  In a letter to Mrs. Tuckness
dated prior to the scheduled surgery, the third party Aplan supervisor@ certified the medical necessity of the intended
hospitalization.[4]  After the surgery, the County denied Mr. Tuckness’s claim for reimbursement of the surgery’s cost, finding the plan’s exclusion for occupational
sicknesses and injuries sustained in the course of employment was applicable.[5]

The plan document specified a
two-tier review procedure for coverage disputes before Alegal action is brought.@ 
The Tucknesses exhausted the review procedure
and filed suit against the County seeking a declaratory judgment.  They sought declarations that:

Ronda Tuckness, was at all times pertinent hereto a Participant in the
Plan. . . .  Plaintiff, Michael Tuckness was at all times pertinent hereto a Dependent for
purposes of coverage under the Plan as defined by the Plan terms, conditions
and/or definitions.  Plaintiff, Michael Tuckness, did not have any spinal exclusions
in effect Under (sic) any term or condition of the Plan . . . which would
prohibit denial of the claim as a pre-existing condition.  Plaintiff, Michael Tuckness,
was not in the course and scope of employment [at the time of injury] with any
person and/or entity.  Plaintiff, Michael
Tuckness= . . . injury should be a covered medical charge under the
terms and/or conditions of the [Plan]. 
Plaintiffs have complied with the terms and conditions of the Plan and
all conditions precedent have been performed for payment of benefits under the
[Plan]. 

 

In the prayer, the Tucknesses requested a declaration that, AMichael Tuckness=s injury and subsequent surgery were
not work related or an occupational injury and that [the County] pay all
reasonable and necessary medical expenses related [to Mr. Tuckness=s condition] . . . in accordance with
the terms and conditions of the Plan.  In
addition, your Plaintiffs ask for . . . actual damages in the amount of
$34,872.78 for medical expenses.@

The County interposed the affirmative
defense of governmental immunity and filed a plea to the jurisdiction asserting
the trial court lacked subject-matter jurisdiction.  The Tucknesses
filed a traditional motion for partial summary judgment challenging the County=s claim of governmental
immunity.  Following recusal of the
sitting judge, an assigned judge granted the Tucknesses= motion for partial summary judgment
and overruled the County=s plea to the jurisdiction.  This interlocutory appeal by the County
followed.

Issues

Through three issues the County urges
its immunity from suit for the declaratory relief sought by the Tucknesses.  The Tucknesses respond that immunity was expressly waived by
the terms of the plan and statute and impliedly waived by the conduct of the
County.  

Analysis 

A plea to the
jurisdiction of the trial court based on governmental immunity challenges the
subject-matter jurisdiction of the trial court. 
State v. Holland, 221 S.W.3d 639, 642 (Tex.
2007).  Whether the trial court
lacks subject-matter jurisdiction is a question of law we review de novo.  Id. 
ASovereign immunity and its
counterpart, governmental immunity, exist to protect the State and its
political subdivisions from lawsuits and liability for money damages.@ 
Mission Consol. Indep. Sch.
Dist. v. Garcia, 253 S.W.3d 653, 655 (Tex.
2008); Reata Constr. Corp. v. City of Dallas, 197 S.W.3d 371, 374 (Tex. 2006).[6]  Sovereign and governmental immunities
encompass two distinct principles, immunity from suit and immunity from
liability.  Texas
Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 224 (Tex. 2004); Channelview
Indep. Sch. Dist. v.
A.R.C.I., Ltd., 199 S.W.3d 556, 559 (Tex.App.BHouston
[1st Dist.] 2006, no pet.). 
Immunity from liability is an affirmative defense subject to waiver, but
immunity from suit deprives a court of subject-matter jurisdiction.  Miranda, 133 S.W.3d at
224. 

Because immunity
from suit affects the court=s jurisdiction, it
is properly raised in a plea to the jurisdiction.  Wichita Falls State
Hosp. v. Taylor, 106 S.W.3d 692, 696 (Tex. 2003).  A plea to the jurisdiction may be presented
as either an attack on the sufficiency of the pleadings, as the County does
here, or an evidentiary attack on the existence of jurisdictional facts.  See Miranda, 133
S.W.3d at 226-27.  We liberally
construe the plaintiff=s petition, looking to the pleader=s intent.  Holland, 221 S.W.3d
at 642-43.  

Waiver by Request for Declaratory
Relief

As a general proposition,
governmental immunity is not a bar to suits seeking a declaration of a party=s rights under a statute or
regulation.  See Tex. Educ. Agency v. Leeper, 893 S.W.2d 432, 446 (Tex. 1994) (in suit
challenging construction of compulsory school-attendance law by state
officials, governmental immunity did not bar claim for declaratory
relief).  The County contends this exception
is not applicable here because the Tucknesses did not
seek a statutory interpretation but employed an action for declaratory relief
to obtain a contract interpretation that would compel a particular action.  

The Uniform Declaratory Judgment Act
is a remedial statute designed Ato settle and to afford relief from
uncertainty and insecurity with respect to rights, status, and other legal
relations.@  Tex. Civ. Prac. & Rem. Code
Ann. ' 37.002(b) (Vernon
2008); Texas Natural
Res. Conservation Comm=n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002).  In relevant part, the act provides:

A person interested under a . . . written contract . . . or whose rights,
status, or other legal relations are affected by a statute, municipal
ordinance, contract, or franchise may have determined any question of
construction or validity arising under the instrument, statute, ordinance,
contract or franchise and obtain a declaration of rights, status, or other
legal relations thereunder.

 

Tex.
Civ. Prac. & Rem. Code Ann. '
37.004(a) (Vernon 2008).  Seeking
declaratory relief does not alter the underlying nature of a suit or confer
jurisdiction on a court where none otherwise exists.  IT-Davy, 74 S.W.3d
at 855.          

In Federal Sign v. Tex. Southern
Univ., the court held Awe distinguish suits to determine a
party=s rights against the State from suits
seeking damages.@ 
951 S.W.2d 401, 405 (Tex. 1997).  Cases of the first type seek a declaration
that state officers acted without legal or statutory authority and seek to
compel conduct conforming to law.  IT-Davy,
74 S.W.3d at 855. 
Generally, cases of this class are not barred by governmental immunity.[7]  Cases of the second type seek declarations
establishing contract validity, enforcing contract performance, or imposing
contractual liabilities.  Claims of this
nature are unenforceable because their attempted effect is control of state
action by imposing liability on the State. 
IT-Davy, 74 S.W.3d at 855-56.  Specifically, Aprivate parties cannot circumvent the State=s sovereign immunity from suit by
characterizing a suit for money damages, such as a contract dispute, as a
declaratory-judgment claim.@ 
Id. at 856.

Here, the Tucknesses
seek enforcement of a contract and recovery of damages rather than a
declaration of rights under a statute or constitutional provision.  Their suit attempts to adjudicate a breach of
contract claim, nothing more.  Immunity
from suit was not waived simply because the Tucknesses
couched their claim as one for declaratory relief.  See IT-Davy, 74
S.W.3d at 860.  

Waiver by Contract

As noted, the plan
document specified a two-tier review process before initiation of “any legal
action.”  Thus, argue the Tucknesses, the County contracted for a legal remedy after
the exhaustion of administrative claim review procedures.  It is unnecessary to, and we do not,
interpret the meaning and effect of the plan document=s remedies section
because even accepting the interpretation given it by the Tucknesses,
there is no waiver of governmental immunity. 
It is correct that the State waives immunity from liability on its
contracts with a private party as if it were a private party.  Gen. Servs. Comm=n v. Little-Tex
Insulation Co., 39 S.W.3d 591, 594 (Tex. 2001).  But waiver of immunity from suit for a
claimed breach of contract requires a clear and unambiguous expression by the
Legislature.  Travis
County v. Pelzel & Assocs., 77 S.W.3d 246,
248 (Tex. 2002).  It has long been
settled in Texas that Ait is the Legislature=s sole province to
waive or abrogate sovereign immunity.@  Federal Sign, 951
S.W.2d at 409 (citing authorities). 
Legislative consent to suits against the State may be granted by statute
or resolution.  Gen. Serv. Comm=n, 39
S.W.3d at 594; Tex. Civ. Prac. & Rem. Code Ann. '
107.001-.005 (Vernon 2005 & Supp. 2009) (resolution).  

The County’s plan language dealing
with “any legal action” has no greater effect as a waiver of immunity from suit
than the similar language in the Texas Natural Resource Conservation
Commission’s contract in IT-Davy, 74
S.W.3d at 851 (contract’s remedies section stated claims or disputes would be
decided by arbitration or in court).  The
court rejected a waiver-of-immunity-by-contract contention there, again
pointing out that waivers of immunity from suit in
contract claims are made only by the Legislature.  Id. at 858.  Absent
express legislative authorization, the County could not contract to waive its
immunity from suit. 

Waiver by Other Conduct

The County accepted premiums paid on
the plan for Mr. Tuckness and the plan supervisor
submitted the previously noted letter to Mrs. Tuckness.  The Tucknesses
claim the conduct of the County brings their facts within the so-called Awaiver by conduct exception@ to governmental immunity.  In a footnote in Federal Sign the
court stated, AThere may be.
. . circumstances where the State may waive its immunity by conduct other than
simply executing a contract so that it is not always immune from suit when it
contracts.@ 
951 S.W.2d at 408 n.1.  But if additional[8]
such circumstances exist under current law,[9]
the nature of the conduct necessary to bring a contract case within the
contemplated exception is uncertain.  In IT-Davy,
the court was asked to carve out a waiver by conduct exception.  74 S.W.3d at 856-57.  It declined, reaffirming Athat it is the Legislature=s sole province to waive or abrogate
sovereign immunity.@ 
Id.  That and other decisions have made
clear that a governmental entity does not waive immunity from suit based on
breach of a contract simply by accepting benefits under the contract.  See
Tex. A&M Univ. Sys. v. Koseoglu,
233 S.W.3d 835, 840 (Tex. 2007) (listing cases); Tooke v. City of Mexia, 197 S.W.3d 325,
343 (Tex. 2006) (rejecting contention city’s partial performance of contract
waived immunity). In Pelzel & Assocs., the court found Travis
County did not waive its immunity from suit by retaining part of its payment
pursuant to the late-completion liquidated damages clause of a construction
contract.  77 S.W.3d at 252.  The supreme court again found the
circumstances insufficient to show a waiver of immunity in Catalina
Development, Inc. v. County of El Paso, 121 S.W.3d 704, 705-06 (Tex. 2003),
holding the county’s conduct merely was that associated with creation of its
contract.[10]       

The Tucknesses’
pleadings in this case seek a resolution of their disagreement with the County
that Mr. Tuckness’s back injury was incurred in the
course of his employment and thus excluded from coverage under the County’s
plan.  Despite its equities, at bottom
the case involves no more than a contract dispute.  See Pelzel & Assocs., 77 S.W.3d at 252 (county did not
waive immunity by invoking contract’s express terms); IT-Davy, 74 S.W.3d at 861
(Hecht, J., concurring) (finding parties had “legitimate disagreement” over
price to be paid for extra work, and suit involved “nothing more than an
ordinary contract dispute”).    

Waiver by Statute

The Tucknesses
cite Local Government Code section 271.152 as a basis for waiver of immunity
from suit.  Chapter 271 waives
a local governmental unit=s sovereign immunity to suit for a claim
that it breached a properly executed and authorized contract for providing
goods or services to the local governmental entity.  Tex. Local Gov=t Code Ann. ' 271.152 (Vernon 2005). 
But a county is excluded from the coverage of Chapter 271 because its
definition of Alocal governmental entity@ expressly excludes a county.  Tex. Local Gov=t
Code Ann. ' 271.151(3) (Vernon 2005).  Accordingly, Chapter 271 has no application
here.

Incurable by Amendment

A plaintiff is generally entitled to
a reasonable opportunity to amend its petition Aunless the pleadings affirmatively negate the existence of
jurisdiction.@ 
Koseoglu, 233
S.W.3d at 839.  But here, as in Koseoglu, remanding the case for a chance to
amend would serve no legitimate purpose. 
The claim of the Tucknesses is for breach of
contract.  This fact, and the immunity of
the County, will not change by an amended pleading alleging more facts.  See Id., 233 S.W.3d at 840; Miranda, 133 S.W.3d at
227 (A[i]f the pleadings affirmatively negate the existence of
jurisdiction, then a plea to the jurisdiction may be granted without allowing
the plaintiffs an opportunity to amend@). 

Conclusion

We conclude the County’s governmental
immunity from the underlying suit has not been waived.  We therefore reverse the order of the trial
court denying the County=s plea to the jurisdiction and render
judgment dismissing the Tucknesses= case against the County for want of
jurisdiction.

                                                                                                James
T. Campbell                                                                                                                                 Justice

 

 

            








 











[1] 
See Tex. Civ. Prac. & Rem. Code
Ann. ' 51.014(a)(8) (Vernon 2008). 





[2]  In reviewing a trial court=s ruling on a plea to the jurisdiction, we take all factual
allegations pled as true, unless jurisdictionally relevant evidence was
offered.  Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  All facts recited in this opinion are from appellees= live petition, including its
attached exhibits, unless otherwise noted.





[3] 
The plan document, attached to the Tucknesses’
original petition designates the County as Anamed fiduciary and plan administrator.@ 






[4]  The letter
also provided, AIf the claims and/or medical records do not support the
initial information, the certification is not valid.@  The letter further stated that benefits or
payments were not guaranteed and benefits were based on the employee=s
eligibility status at the time charges were incurred.

 





[5]  The Tucknesses’ pleadings refer to the plan’s exclusion
paragraph reading:  

 

The following exclusions and limitations apply to
expenses incurred by all Covered Persons:

***

Charges for any services or supplies provided in
connection with an occupational sickness or an injury sustained in the scope of
and in the course of any employment whether or not benefits are or could be
provided under Workers’ Compensation. 

 





[6]  We refer to the immunity asserted by the County as governmental
immunity.  Houston Mun. Empl. Pension Sys. v. Ferrell, 248 S.W.3d 151,
154 n.2 (Tex. 2007) (governmental immunity protects counties).  





[7]  But cases involving such an “ultra vires” act may yet implicate
governmental immunity through the remedy sought.  See City of El Paso v.
Heinrich, 284 S.W.3d 366, 373-74 (Tex. 2009).  In City of Houston v. Williams, retired
firefighters sought a declaration of rights under a statute concerning amounts
deducted from payments they received on termination of employment.  216 S.W.3d 827, 828 (Tex.
2007).  In finding no waiver of
immunity by the city, the court noted the only claimed injury occurred in the
past and the only plausible remedy was money damages.  Id. at 828-29.  Thus, Aretrospective monetary claims are
generally barred by immunity@ even though the suit seeks a
declaration of rights under a statute.  See
Heinrich, 284 S.W.3d at 374.





          [8]
 The court has held that, by filing suit, a governmental entity waives
immunity from suit as to certain counterclaims. 
Reata, 197 S.W.3d at 376-77. 
It also has held that, by settling a claim for which it has waived
immunity, a governmental entity waives immunity for a suit to enforce the
settlement.  Texas A & M UniversityBKingsville
v. Lawson, 87 S.W.3d 518, 521 (Tex.
2002) (plurality op.).  Neither case has application
here.

 





       [9]
The Austin Court of Appeals recently declined to adopt a waiver by conduct
theory, citing the footnote in Federal
Sign, 951 S.W.2d at 408 n.1, to note that the supreme court “once hinted
that it might recognize waiver by conduct in the context of a contract claim”
but that “it has since declined to judicially adopt this doctrine in light of
the legislature’s creation of an administrative remedy for breach-of-contract
claims” under chapter 2260 of the Government Code.  Employees Retirement
System of Texas v. Putnam, LLC, 294 S.W.3d 309, 327 (Tex.App.BAustin 2009, no pet.) (op. on reh=g) (citing IT-Davy, 74 S.W.3d at 857).  See
also Tooke v. City of Mexia, 197 S.W.3d 325, 342
(Tex. 2006), (listing recent years’ legislative waivers of immunity from
suit on contract claims, and referring to its “larger, more consistent legislative
scheme for handling contract claims”).   





[10] But see Texas Southern University v. State Street
Bank & Trust Co., 212 S.W.3d 893 (Tex.App.--Houston
[1st Dist.] 2007, pet. denied) (op. on reh’g)
(affirming trial court’s denial of plea to jurisdiction based on “extraordinary
factual circumstances” set forth in pleadings and university’s conduct that
“lured” plaintiff into contract).