TRAVIS COUNTY, Texas, Petitioner,

v.

PELZEL & ASSOCIATES,
INC., Respondent.

No. 01–0036.

Supreme Court of Texas.

Argued Nov. 28, 2001.

Decided May 9, 2002.

Rehearing Overruled June 27, 2002.

Ken Oden, Eric M. Shepperd, Todd A. Clark, Sherine Elizabeth Thomas, Travis County Attorney's, Austin, for Petitioner.

George C. Baldwin, Lloyd Gosselink Blevins Rochelle, Kendall Dean Hamilton, Law Office of Ken Hamilton, Austin, for Respondent.

Justice HANKINSON delivered the opinion of the Court, in which Chief Justice PHILLIPS, Justice HECHT, Justice OWEN, Justice BAKER, Justice O'NEILL, Justice JEFFERSON, and Justice RODRIGUEZ joined.

Pelzel & Associates, Inc., sued Travis County, alleging that the county improperly withheld full payment under a construction contract. Arguing that sovereign immunity bars Pelzel's claim, Travis County filed a plea to the jurisdiction, which the trial court denied. The court of appeals affirmed, concluding that Travis County waived immunity by its conduct. It further concluded that because Pelzel complied with Texas Local Government Code § 89.004 by presenting its claim to the county commissioners court before filing suit, the trial court had jurisdiction. 30 S.W.3d 662. Because Local Government Code § 89.004 does not waive sovereign immunity from suit for a claim against a county and Travis County's conduct did not waive its immunity from suit, we reverse the court of appeals' judgment and dismiss Pelzel's claim for want of jurisdiction.

Travis County contracted with Pelzel to construct an office building in Austin. The original substantial-completion date was October 21, 1994, but due to labor shortages, the parties agreed to extend the deadline. The parties now dispute the extended substantial-completion deadline. The County's representative and the architect signed a construction-change directive, setting a new substantial-completion date as December 8, 1994, but Pelzel contends it never agreed to or acknowledged this directive. Pelzel substantially completed the building on December 29, 1994. Travis County accepted, and has occupied, the building since that date. Although Travis County paid Pelzel $414,164.80, it withheld $5,500 in alleged liquidated damages on the grounds that Pelzel did not timely complete the building. According to the contract's liquidated-damages clause, the County could retain $250 for each calendar day Pelzel failed to substantially complete the building beyond the date set for completion and acceptance.

Pelzel presented a claim to the Travis County Commissioners Court under Texas Local Government Code § 89.004,[1] seeking payment due under the contract, plus interest and $130,508.56 in hindrance and delay damages. After the County refused to pay the claim, Pelzel filed this suit in district court. Travis County filed a plea to the jurisdiction asserting sovereign immunity. The trial court denied the plea, and Travis County brought an interlocutory appeal under Texas Civil Practice & Remedies Code § 51.014(a)(8). The court of appeals, with one justice concurring,

---

1. When Pelzel brought suit, the presentment statute was located at Local Government Code § 81.041, which has since been renumbered as section 89.004. Act of April 23, 1999, 76th Leg., R.S., ch. 62, § 13.03(b), 1999 Tex. Gen. Laws 127, 340. The wording of both sections is identical. For clarity, we refer to both as section 89.004.

affirmed, concluding that Travis County waived immunity by its conduct and that independent of the County's conduct, Pelzel's compliance with the presentment statute conferred jurisdiction on the trial court. 30 S.W.3d at 669. We granted Travis County's petition for review to decide these two issues.[2]

A county is a governmental unit protected by the doctrine of sovereign immunity. TEX. CIV. PRAC. & REM.CODE § 101.001(3)(B); *Harris County v. Gerhart,* 115 Tex. 449, 283 S.W. 139, 140 (1926); *Nussbaum v. Bell County,* 97 Tex. 86, 76 S.W. 430, 432 (1903); *Heigel v. Wichita County,* 84 Tex. 392, 19 S.W. 562, 562–63 (1892). Sovereign immunity encompasses two principles that protect the state and other governmental entities in suits for money damages: immunity from suit and immunity from liability. *Federal Sign v. Texas S. Univ.,* 951 S.W.2d 401, 405 (Tex.1997). Immunity from liability, which protects a governmental entity from judgments even if the Legislature expressly consents to suit, does not affect a court's subject-matter jurisdiction. *Texas Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999). In contrast, even if liability is undisputed, immunity from suit deprives a trial court of subject-matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Id.*

When a governmental entity contracts with a private party, as Travis County has done here, it is liable on its contracts as if it were a private party. *General Servs. Comm'n v. Little–Tex Insulation Co.,* 39 S.W.3d 591, 594 (Tex. 2001); *Federal Sign,* 951 S.W.2d at 405; *see Anderson v. Wood,* 137 Tex. 201, 152

S.W.2d 1084, 1085 (1941); *see also* TEX. LOC. GOV'T CODE § 262.001 (stating that contract properly executed by agent acting on county's behalf binds the county to the contract for all purposes). But a governmental entity does not waive immunity from suit simply by contracting with a private party. *Federal Sign,* 951 S.W.2d at 408. Express consent is required to show that immunity from suit has been waived. *Id.* Thus in this case, Pelzel must establish consent to sue Travis County. Absent consent, the trial court lacks jurisdiction.

A party may establish consent by statute or legislative resolution. *Little–Tex,* 39 S.W.3d at 594; *see also* TEX. CIV. PRAC. & REM.CODE §§ 101.025; 107.001– .005. The consent must be expressed by "clear and unambiguous language." TEX. GOV'T CODE § 311.034; *Federal Sign,* 951 S.W.2d at 405; *City of LaPorte v. Barfield,* 898 S.W.2d 288, 291 (Tex.1995); *University of Tex. Med. Branch at Galveston v. York,* 871 S.W.2d 175, 177 (Tex.1994); *Duhart v. State,* 610 S.W.2d 740, 742 (Tex. 1980). Accordingly, we must determine whether the Legislature has by clear and unambiguous language in section 89.004 waived immunity to suits against counties. *See Barfield,* 898 S.W.2d at 291 (stating that clear-and-unambiguous requirement for waiving immunity applies to governmental entities other than the state).

Pelzel argues that section 89.004 waives sovereign immunity for suits against counties. Because Pelzel complied with the statute by presenting its claim to the commissioners court, which refused to pay the claim, Pelzel contends that the

---

**2.** Because the court of appeals justices disagreed over whether Local Government Code § 89.004 waives sovereign immunity from suit, we have jurisdiction over this interlocutory appeal. *See* TEX. GOV'T CODE

§§ 22.001(a)(1), 22.225(c) (providing for jurisdiction over interlocutory appeals when the "justices of the court of appeals disagree on a question of law material to the decision").

trial court has jurisdiction. Pelzel urges no other statutory basis for waiver of immunity. Travis County responds that because section 89.004 does not clearly and unambiguously waive immunity from suit, the trial court lacks jurisdiction.

We agree with Travis County. Section 89.004(a), entitled "Presentation of Claim," provides that "[a] person may not sue on a claim against a county unless the person has presented the claim to the commissioners court and the commissioners court has neglected or refused to pay all or part of the claim." TEX. LOC. GOV'T CODE § 89.004(a). This statutory language does not clearly and unambiguously waive immunity from suit. *See* TEX. GOV'T CODE § 311.034. It states only that a party must present its claim to the commissioners court, which must neglect, refuse, or pay all of the claim before the party may file suit. TEX. LOC. GOV'T CODE § 89.004(a); *see also* TEX. GOV'T CODE § 311.011(a) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage.").

Section 89.004(a) stands in stark contrast to other statutes that contain language which does clearly and unambiguously waive sovereign immunity from suit. For example, The Texas Tort Claims Act provides that "[s]overeign immunity to suit is waived and abolished to the extent of liability created by this chapter." TEX. CIV. PRAC. & REM.CODE § 101.025(a). Similarly, the Private Real Property Rights Preservation Act states that "[s]overeign immunity to suit and liability is waived and abolished to the extent of liability created by this chapter." TEX. GOV'T CODE § 2007.004(a). Further, the Whistleblower Act allows a public employee who alleges a violation of the act to "sue the employing state or local governmental entity for the relief," and states that "[s]overeign immunity is waived and abolished to the extent

of liability for the relief allowed under this chapter." *Id.* § 554.0035. Thus, the presentment language of section 89.004(a) does not go as far as waiving immunity from suit, but merely establishes a condition precedent to suit. *See Farmers State Bank of New Boston v. Bowie County*, 127 Tex. 641, 95 S.W.2d 1304, 1306 (1936) (holding that the statutory language "indicates that the rejection by the commissioners' court of a claim against the county, or the failure of such court to act on the same, is merely a condition precedent to the filing of a suit to recover thereon").

Our construction comports with the purpose of the statute itself. *See* TEX. GOV'T CODE § 311.023(1) (providing that in construing a statute, a court may consider the object sought to be attained). In *Essenburg v. Dallas County*, 988 S.W.2d 188, 189 (Tex.1998), we explained that the purpose of the presentment requirement is to notify the commissioners court of a claim and afford it an opportunity to investigate and settle the claim. We distinguished the presentment statute from the exhaustion-of-remedies requirement applicable to administrative appeals, explaining that the exhaustion requirement seeks to assure that the appropriate body adjudicates a dispute—the hallmark of a jurisdictional statute. *Id.* We then held that Local Government Code § 81.041, the predecessor to section 89.004, is not jurisdictional. *Id.*

This construction also comports with the statute's history. *See* TEX. GOV'T CODE § 311.023(4) (providing that in construing a statute, a court may consider former statutory provisions). Originally, the statute contained "sue and be sued" language, arguably showing intent to waive sovereign immunity for suits against counties:

> All suits brought by or against any of the counties of this state, shall be brought in the name of or against the county of [naming the county], and by

that name they may sue and be sued, plead and be impleaded, defend and be defended, in any court of record or other place where justice may be administered: Provided, however, that no county shall be sued, unless the claim upon which suit is founded shall have first been presented to the county court for allowance, and such court shall have neglected or refused to audit and allow the same.

Act of May 11, 1846, 1st Leg., Paschal's Digest, 1044, 1045; *see also Missouri Pac. R.R. Co. v. Brownsville Navigation Dist.,* 453 S.W.2d 812, 813 (Tex.1970) (holding that statute containing "sue and be sued" language provided consent to suit). In 1879, the Legislature deleted most of the statutory language and left text resembling the current statute: "No county shall be sued unless the claim upon which such suit is founded shall have first been presented to the county commissioners' court for allowance, and such court shall have neglected or refused to audit and allow the same or any part thereof." TEX. REV. STATS. art. 677 (1879), *renumbered at* TEX. REV. STATS. art. 790 (1895). That language remained unchanged until 1987 when the Legislature modified the language to its present form. *See* Act of April 30, 1987, 70th Leg., R.S., ch. 149, § 1, sec. 81.041, 1987 Tex. Gen. Laws 707, 793, *renumbered to* sec. 89.004 by Act of April 23, 1999, 76th Leg., R.S., ch. 62, § 13.03(b), 1999 Tex. Gen. Laws 127, 340. Thus well over a hundred years ago, the Legislature deleted the only language arguably waiving sovereign immunity, suggesting that it intended to preserve counties' immunity from suit. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 485 (Tex. 1998) (stating that in construing statute in which the Legislature changed the word "company" to "person," the Court does not "lightly presume that the Legislature may have done a useless act"); *In re Ament,*

890 S.W.2d 39, 41 (Tex.1994) (stating that omissions from existing statutory provisions when new provisions are enacted are presumed to be intentional).

Nor has this Court construed the presentment statute to the contrary. The court of appeals relied on several cases to support its holding that section 89.004 waives sovereign immunity. But none of those cases directly resolves the question presented here. For example, in *Nolan County v. Simpson,* 74 Tex. 218, 11 S.W. 1098, 1099 (1889), although we stated that claims by the defendant "could have been presented against the county, and proceeded with as the law directs," sovereign immunity was not at issue because the county brought the suit. Similarly, *City of Sherman v. Shobe,* 94 Tex. 126, 58 S.W. 949 (1900), did not address whether any other basis for suit must exist or whether the presentment statute waives sovereign immunity. Further, the case did not involve suit against a county for money, but involved garnishment proceedings and whether a county can, in the absence of statutory authority, be subject to those proceedings. *Id.* Thus our statement in *Shobe* that a "county may be sued for a money demand, but the claim must first be presented to the commissioners' court for allowance, and its allowance must be refused" is dicta. *Id.* at 950. The other cases discussed by the court of appeals likewise do not squarely address the issue presented here. *See Anderson v. Ashe,* 99 Tex. 447, 90 S.W. 872, 874 (1906) (holding that rejection by the county auditor, rather than the commissioners court, fulfilled the presentment requirement, but not discussing whether compliance with the presentment statute alone established jurisdiction over a suit against a county); *Greer v. Hunt County,* 249 S.W. 831, 834–35 (Tex. Comm'n App.1923, judgm't adopted) (holding that county auditor's audit was not a

prerequisite to filing suit and thus plaintiff's presentment to the commissioners court satisfied the presentment requirement).

The only supreme court case the court of appeals cited that discusses the presentment statute in response to a consent-to-suit question is *Missouri Pacific Railroad Co. v. Brownsville Navigation District*, 453 S.W.2d 812 (Tex.1970). In *Missouri Pacific*, we held that a statute applicable to navigation districts "is quite plain and gives general consent for District to be sued in the courts of Texas." *Id.* at 813. The statute stated that navigation districts " 'may, by and through the navigation and canal commissioners, sue and be sued in all courts of this State in the name of such navigation district, and all courts of this State shall take judicial notice of the establishment of all districts.' " *Id.* In response to the district's argument that other statutes had more clearly expressed consent to suit, we noted that "suits against counties have been held to be authorized by statutes that simply require the filing of a claim before institution of suit." *Id.* But *Missouri Pacific* involved a different statute than the one in this case and that statute, unlike the current version of the statute here, contained "sue and be sued" language. Furthermore, in reviewing that dicta, we have found no cases to support it. As discussed above, the cases the court of appeals cited did not resolve this issue. Thus we remain convinced that section 89.004 does not waive immunity from suit for a money claim against a county. We disapprove of *Jensen Construction Co. v. Dallas County*, 920 S.W.2d 761 (Tex.App.-Dallas 1996, writ denied), to the extent that it holds otherwise. Because Pelzel urges no other statutory basis for waiver of immunity, we turn to the waiver-by-conduct issue.

Pelzel argues that it fully performed under the contract and that Travis County waived immunity from suit by accepting the benefits of that performance without full payment. Pelzel distinguishes this case from *Little–Tex*, in which this Court relied on Chapter 2260 of the Texas Government Code in rejecting a waiver-by-conduct argument in a breach-of-contract action against a state university. *See Little–Tex*, 39 S.W.3d at 595–97. Because chapter 2260 does not apply to claims against counties, Pelzel urges a waiver-by-conduct exception to immunity for claims not covered by chapter 2260. Travis County responds that historically, counties have enjoyed the same immunity as the state and that Pelzel has identified no reason to depart from this principle here. Travis County further argues that even if this Court rules that the county could waive immunity by its conduct, it did not do so here by merely invoking the contract's liquidated-damages clause and retaining only $5,500.00 of the $414,164.80 total contract price. Therefore, Travis County contends this Court should not adopt a waiver-by-conduct exception to immunity from suit for breach-of-contract claims against counties.

After granting Pelzel's petition for review, we decided *Texas Natural Resource Conservation Commission v. IT–Davy*, 74 S.W.3d 849 (Tex.2002), which raised the waiver-by-conduct question when chapter 2260 does not apply. In that case, IT Davy fully performed under its contract with the Texas Natural Resource Conservation Commission and the TNRCC paid IT–Davy the full contract price. IT–Davy claimed, however, that it lost profits when materially different site conditions increased its costs. Accordingly, it invoked a contract clause that provided for "equitable adjustments" if "conditions materially differ and ... cause an increase or decrease in [IT–Davy's] cost or the time

required to perform any part of the work...." *Id.* at 851. The TNRCC agreed to pay IT–Davy an additional $700,000 over the contract price in equitable adjustments, but IT–Davy asserted that the TNRCC owed an additional $6,723,655. This Court concluded that the TNRCC did not waive immunity from suit by its conduct. *Id.* at 851.

■■ In this case, similar conduct by a governmental unit is at issue. According to the contract's liquidated-damages clause, Travis County could retain $250 for each calendar day Pelzel failed to substantially complete the building beyond the date set for completion and acceptance. The fact is undisputed that Travis County withheld, under the liquidated-damages clause, only $5,500.00 of the total contract price of $414,164.80. When a governmental unit adjusts a contract price according to the contract's express terms, it does not, by its conduct, waive immunity from suit, even if the propriety of that adjustment is disputed. *See IT–Davy,* 74 S.W.3d at ——. Thus we conclude that Travis County did not waive immunity from suit by invoking the contract's liquidated-damages clause.

Because Local Government Code § 89.004 does not clearly and unambiguously waive immunity from suit for claims against counties and Travis County's conduct in withholding part of the contract price in liquidated damages did not waive its immunity from suit, we reverse the court of appeals' judgment and dismiss Pelzel's claim for want of jurisdiction.

Justice ENOCH filed a dissenting opinion.

Justice ENOCH dissenting.

I again disagree with the Court's continued support of its sovereign immunity jurisprudence.[1] Significantly here, Pelzel built the building and the County has occupied the building, but it refuses to pay the full price. The County insists, instead, on asserting its alleged rights under the contract to withhold full payment. Of course, we'll never know if the County has such rights under the contract because the Court allows the County to interpose its sovereign immunity from suit. The Court, as it has done recently in so many other cases, locks the courthouse doors.[2] I add another case to ... The List.[3]

1. *See, e.g., Federal Sign v. Texas S. Univ.,* 951 S.W.2d 401, 417–18 (Tex.1997) (Enoch, J., dissenting).

2. *TNRCC v. IT–Davy,* 74 S.W.3d 849, 863 (Tex.2002) (Enoch, J., dissenting).

3. *See IT–Davy,* 74 S.W.3d at 863; *Gen. Servs. Comm'n v. Little–Tex Insulation Co.,* 39 S.W.3d 591 (Tex.2001); *Texas Dep't of Transp. v. Aer–Aerotron, Inc.,* 39 S.W.3d 220 (Tex. 2001); *Federal Sign,* 951 S.W.2d at 408; *Tex. Dep't of Pub. Safety v. Int'l Capital Corp.,* 40 S.W.3d 687 (Tex.App.-Austin 2001, no pet.); *Denver City Ind. Sch. Dist. v. Moses,* 51 S.W.3d 386 (Tex.App.-Amarillo 2001, no pet.); *Gendreau v. Medical Arts Hosp.,* 54 S.W.3d 877 (Tex.App.-Eastland 2001, pet. filed); *City of Houston v. Northwood Mun. Util. Dist. No. 1,* 73 S.W.3d 304 (Tex.App.-Houston [1st Dist.] 2001, no pet.); *Tex. Dept. of Pub. Safety v. Rivera,* No. 13–01–00446-CV, 2001 Tex. App. LEXIS 7681 (Corpus Christi Nov. 15, 2001, no pet.) (not designated for publication); *Landry's Crab Shack v. Bd. of Regents,* No. 03–00–00690-CV, 2001 WL 1240832 (Austin Oct. 18, 2001, no pet.) (not designated for publication); *Ondemir v. Bexar County Clerk,* No. 04–00–00497–CV, 2001 WL 1136074 (San Antonio Sept. 26, 2001, pet. denied) (not designated for publication); *O'Dell v. Perry,* No. 03–00–00603-CV, 2001 WL 726387 (Austin June 29, 2001, no pet.) (not designated for publication); *State DOT v. Ramirez,* 72 S.W.3d 376 (Austin 2001, pet. filed) (not designated for publication); *Texas A & M Univ. Sys. v. AFEX Corp.,* No. 03–00–00222–CV, 2001 Tex.App. LEXIS 1266 (Austin Mar. 1, 2001, no pet.) (not designated for publication).

Today, the Court keeps the courthouse doors locked. Worse, the Court permits the County to enforce those provisions of the contract it chooses, and to which Pelzel is bound, but leaves the County unbound by any provisions Pelzel seeks to enforce. Because I would hold that the County has waived its immunity by entering into the contract, I would not reach the present-ment issue. Once again, I respectfully dissent.