In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00001-CV
______________________________


HELEN LAVONNE WELLS, MARIE R. MOORE, 
NELDA L. HARRISON AND JANE A. SLOAN, Appellants
 
V.
 
 TEXAS A&M UNIVERSITY SYSTEM D/B/A TEXAS A&M 
UNIVERSITY-COMMERCE, TEXAS A&M UNIVERSITY-COMMERCE, 
                       AND DR. KEITH MCFARLAND, PRESIDENT OF 
TEXAS A&M UNIVERSITY COMMERCE, Appellees

                                              

On Appeal from the 196th Judicial District Court
Hunt County, Texas
Trial Court No. 65,080


                                                 

Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            Four former "house mothers"


 employed by Texas A&M University Commerce


 claim the
School did not pay them overtime wages as required by both the federal Fair Labor Standards Act,
29 U.S.C.A. §§ 201–219 (West 1998) (the "Act"), and the School's own expressed policy that it
comply with the Act. The trial court dismissed for want of jurisdiction, concluding that the School
was an arm of the State,


 that the State had not consented to be sued by private individuals in this
situation, and that therefore the School was immune from this suit. Plaintiffs claim that sovereign
immunity was waived by the School's policies and manuals, which had been approved by the
School's governing board (the "Board"). We affirm.
            As pointed out by the School, the United States Supreme Court has held that the Act is
unconstitutional to the extent it provides that private actions may be brought against states or their
political subdivisions, such as the School. Alden v. Maine, 527 U.S. 706, 754 (1999). Therefore,
before such an action may be pursued, consent to the action must be provided by either statute or
legislative resolution. Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 695 (Tex. 2003); Fed.
Sign v. Tex. S. Univ., 951 S.W.2d 401, 405 (Tex. 1997).
            As this Court has very recently recognized, it is the Legislature's sole province to waive or
abrogate sovereign immunity,


 and any waiver must be expressed clearly and unambiguously. Tex.
Nat'l Res. Conservation Comm'n v. IT-Davy, 74 S.W.3d 849, 853–54 (Tex. 2002); City of Texarkana
v. City of New Boston, No. 06-04-00023-CV, 2004 WL 1665012 (Tex. App.—Texarkana July 23,
2004, no pet. h.).
            In this case, Plaintiffs argue that language found in school employment policy manuals, and
in posters and other communications by the School to its employees, serves to waive sovereign
immunity. In general, they contain language referring to the Act and documenting the Board's policy
to comply with state and federal laws at all times, and use definitions and statements from the Act
to describe the requirements of their employment system. For example, portions of the School's
policy manual state that the School is to comply with the Act and related federal and state laws, and
that an employee's rights under the Act may not be waived. The School's system regulations provide
that, "No employee may agree, even voluntarily, to work in violation of the [Act]." 
            Essentially, Plaintiffs argue that the Board, by its conduct, has waived sovereign immunity
for employee claims under the Act. There is, however, no authority to support the position that the
Board had the right to act in place of the Legislature in this context. Decisions to waive immunity
are properly made by the branch of government to which the Constitution entrusts the obligation. 
Taylor, 106 S.W.3d at 695.
            Even if there was authority that the Board had the power to waive immunity, the fact that the
Board chose to implement its employment practices in line with federal requirements is not
equivalent to an explicit agreement to waive sovereign immunity. In parallel situations, express
consent is required to show that immunity from a breach of contract suit has been waived. See
Travis County v. Pelzel & Assocs., Inc., 77 S.W.3d 246, 248 (Tex. 2002). In all such cases,
legislative consent for suit or any other sovereign immunity waiver must be "by clear and
unambiguous language." Tex. Gov't Code Ann. § 311.034 (Vernon Supp. 2004–2005); Pelzel, 77
S.W.3d at 248; Fed. Sign, 951 S.W.2d at 405. When determining whether there is a clear and
unambiguous waiver of immunity from suit, we generally resolve any ambiguity in favor of retaining
immunity. See Taylor, 106 S.W.3d at 697.
            Nothing suggests the Legislature either has authority to delegate, or has delegated, to the
School or its Board the power to waive sovereign immunity. There is also nothing to show that, even
had such delegation occurred, the School waived immunity by clear and unambiguous language. We
conclude the trial court properly granted the motion to dismiss.
            We affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          July 12, 2004
Date Decided:             September 24, 2004