

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00251-CV

**WEBB COUNTY,**
Appellant

v.

**KHALEDI PROPERTIES**, **LTD.**,
Appellee

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2010CVT001589 D2
Honorable Larry Noll, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:       Catherine Stone, Chief Justice
               Rebeca C. Martinez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  July 24, 2013

REVERSED AND RENDERED

Webb County appeals the trial court's order denying its plea to the jurisdiction in Khaledi Properties, Ltd.'s suit for specific performance of a contract for the sale of real estate. We hold that Webb County did not waive its immunity from suit, either by contract or by its conduct. We therefore reverse the trial court's order denying Webb County's plea to the jurisdiction and render judgment dismissing the cause for want of jurisdiction.

BACKGROUND

This dispute arises out of Webb County's attempt to sell a 294.24 acre property known as the Webb County Detention Center. In late 2005, Webb County solicited bids on the property. Appellee Khaledi and Killam Ranch Properties Ltd. each submitted a sealed bid. In January 2006, the County Commissioners voted to accept Khaledi's bid. In the ensuing months, Khaledi expended over $100,000 conducting environmental studies on the property and Khaledi agreed to share the results with the County. Khaledi also submitted a proposed contract to the County and the parties negotiated terms, including that the property be sold "as-is" and a term providing that Khaledi indemnify the County for any environmental problems affecting the property. A real estate sales contract for a purchase price of $3.1 million was signed on November 3, 2006. Khaledi deposited the $25,000 earnest money with the title company.

Before the contract was signed, Killam Ranch sued Webb County for a declaration that it had violated provisions of the Local Government Code in connection with the proposed sale. Killam Ranch nonsuited the case, but refiled the action in September 2007. Killam Ranch sought a declaration that the sale to Khaledi was void, alleging the County did not comply with statutory bidding requirements and that the Commissioners Court conducted some of the negotiations regarding the sale in closed meetings in violation of the Texas Open Meetings Act. The trial court granted summary judgment for Webb County, and Killam Ranch appealed to this court. On April 11, 2012, this court, sitting en banc, affirmed the summary judgment for Webb County regarding the bidding procedures, but reversed and remanded for further proceedings on the claim that the County had violated the Open Meetings Act. *Killam Ranch Props., Ltd. v. Webb County*, 376 S.W.3d 146 (Tex. App.—San Antonio 2012, pet. filed). Killam Ranch filed a petition for review, which is pending in the Texas Supreme Court.

After the sales contract was signed, Khaledi repeatedly urged the County to close the sale. When its efforts proved futile, Khaledi filed a lawsuit. Initially, Khaledi sued Killam Ranch and the county attorney, alleging tortious interference with contract. On September 30, 2010, Khaledi amended its petition, joining Webb County as a defendant. Khaledi alleged it breached the real estate sales contract and sought specific performance of the contract.

The trial court granted a motion to dismiss the county attorney and granted Killam Ranch's motion for summary judgment. The County filed a plea to the jurisdiction, contending the breach of contract suit was barred by sovereign immunity. Khaledi responded that the County had waived its immunity from suit both by contract and by its conduct. The trial court denied the County's plea and this interlocutory appeal followed.

## LAW AND STANDARD OF REVIEW

"A county is a governmental unit protected by the doctrine of sovereign immunity." *Travis County v. Pelzel & Assocs., Inc.*, 77 S.W.3d 246, 248 (Tex. 2002). A county possesses both immunity from liability and immunity from suit. *Catalina Dev. Inc., v. County of El Paso*, 121 S.W.3d 704, 705 (Tex. 2003). When a county enters into a contract with a private party, it waives its immunity from liability. *Pelzel*, 77 S.W.3d at 248. However, the county does not waive its immunity from suit. *Catalina*, 121 S.W.3d at 705; *Pelzel*, 77 S.W.3d at 248. "Express consent is required to show that immunity from suit has been waived." *Pelzel*, 77 S.W.3d at 248. When a governmental unit is immune from a suit, the trial court lacks subject matter jurisdiction over the suit. *Id.* We review de novo a trial court's order denying a plea to the jurisdiction. *Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 859 (Tex. 2002).

**DISCUSSION**

Khaledi first argues the County expressly waived its immunity from suit in the real estate contract. Alternatively, it contends the County waived immunity from suit by its post-contract conduct.

***Waiver by Contract***

Khaledi contends language in the real estate contract constitutes an express waiver of the County's immunity from suit. A section of the contract entitled "Default and Remedies" provides that in the event the Seller defaults, the Buyer, Khaledi, "may elect either of the following as its sole and exclusive remedy:

a.      *Termination; Liquidated Damages. . . .*

b.      *Termination: Specific Performance.* Buyer may enforce specific performance on this contract."

Khaledi argues this language is an express consent to suit that waives immunity. We disagree.

"[I]t is the Legislature's sole province to waive or abrogate sovereign immunity." *Federal Sign v. Tex. Southern Univ.*, 951 S.W.2d 401, 409 (Tex. 1997). Waiver of a county's immunity from suit for a claimed breach of contract requires a clear and unambiguous expression of the Legislature, either by statute or resolution. *Pelzel*, 77 S.W.3d at 248; *Potter County v. Tuckness*, 308 S.W.3d 425, 430 (Tex. App.—Amarillo 2010, no pet.). Immunity from a breach of contract suit may be waived only by the Legislature, not by the contracting parties. *IT-Davy*, 74 S.W.3d at 858 (holding government agency's immunity from suit not waived by remedies section of contract that stated disputes would be resolved by arbitration or in court); *see also*

*Tuckness*, 308 S.W.3d at 430 ("Absent express legislative authorization, the County could not contract to waive its immunity from suit.").[1]

Khaledi did not plead or prove either a statutory waiver of immunity for its breach of contract suit or that it has obtained a legislative resolution authorizing suit. Accordingly, we hold there has been no express waiver of immunity from suit.

### Waiver by conduct

Khaledi next argues that Webb County waived its immunity from suit by its conduct. Khaledi's argument is based on a footnote in *Federal Sign*, and language in the concurring opinion in that case. 951 S.W.2d at 408 n. 1; 951 S.W.2d at 413 (Hecht, J., concurring). Federal Sign was awarded a contract to construct and deliver scoreboards for Texas Southern University. 951 S.W.2d at 403. Following the University's instructions, Federal Sign started building the scoreboards. *Id.* When the University later decided to secure the scoreboards elsewhere, Federal Sign sued for breach of contract. *Id.* The Supreme Court held that it is "the Legislature's sole province to waive or abrogate sovereign immunity," and held because Federal Sign did not obtain legislative permission to sue, the State had not waived its immunity from suit; therefore, Federal Sign could not maintain its breach of contract suit. *Id.* at 408-09. In the footnote, the court noted that "[t]here may be other circumstances where the State may waive its immunity by conduct other than simply executing a contract so that it is not always immune from suit when it contracts." *Id.* at 408 n.1.

After the *Federal Sign* decision, the Legislature enacted several measures authorizing action by private parties to resolve some contract disputes with some governmental entities. *See* TEX. GOV'T CODE ANN. §§ 2260.001-.108 (West 2008) (enacted in 1999 and providing an

---

[1] Here, the contractual language Khaledi relies upon simply sets forth the agreed-upon remedies Khaledi may seek in the event it obtains legislative consent to sue the County for breach of contract.

alternative dispute resolution system for claims against units of state government involving contracts for the sale of goods, services, or construction); TEX. LOC. GOV'T CODE ANN. § 262.007 (West 2005) (enacted in 2003 and authorizing suit against county on written contract for engineering, architectural, or construction services and related goods); TEX. LOC. GOV'T CODE ANN. §§ 271.151-.160 (West 2005) (enacted in 2005 and providing a waiver of immunity to suit for certain claims of breach of contract for the provision of goods and services to specified units of local government).

Subsequent attempts to invoke the *Federal Sign* "waiver by conduct exception" to immunity from suit have been rejected by the Texas Supreme Court. *See e.g.*, *Catalina*, 121 S.W.3d at 706 (holding that where private party has not conveyed goods or performed services pursuant to contract, but rather seeks to force a sale of public property, there is no equitable basis for recognizing waiver of immunity by conduct; instead, such facts "illustrate a fundamental reason why immunity exists—to prevent governmental entities from being bound by the policy decisions of their predecessors"); *IT-Davy*, 74 S.W.3d at 857 (reaffirming that it is "Legislature's sole province to waive or abrogate sovereign immunity," rejecting waiver by conduct argument, and noting that "[c]reating a waiver-by-conduct exception would force the State to expend its resources to litigate the waiver-by-conduct issue before enjoying sovereign immunity's protections—and this would defeat many of the doctrine's underlying policies"); *Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 597 (Tex. 2001) (rejecting request to judicially adopt a waiver-by-conduct doctrine and concluding "that there is but one route to the courthouse for breach-of-contract claims against the State, and that route is through the Legislature"). Most recently, in *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 414 (Tex. 2011), the court expressly "reject[ed] the invitation to recognize a waiver-by-conduct exception in a breach-of-contract suit against a governmental entity."

Khaledi cites one case in which the court held that a governmental unit waived its immunity from suit by its conduct. In *Texas Southern Univ. v. State Street Bank and Trust Co.*, 212 S.W.3d 893 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd), the University contracted to lease equipment from a private party. In a letter attached to the lease, the University's General Counsel represented that the lease had been duly authorized and was legal, valid, binding, and enforceable. *Id.* at 908. After the lessor performed the contract by providing over $13 million in equipment and services, the University declared the agreement was invalid and refused to pay. *Id.* The court of appeals held the University waived its immunity from suit by its conduct. *Id.* We express no opinion on the merits of the *State Street* case, but assuming a waiver of immunity by conduct doctrine is viable in Texas, this case presents none of the "exceptional" equitable circumstances presented in *State Street*. *See Somerset Indep. Sch. Dist. v. Casias*, No. 04-07-00829-CV, 2008 WL 1805533, at *4 (Tex. App.— April 23, 2008, pet. denied) (mem. op.).

Because the Legislature has not consented to Khaledi's breach of contract suit, either by statute or by resolution, the trial court lacked jurisdiction over the suit and erred in denying Webb County's plea to the jurisdiction. Khaledi asks that we remand the case so it may replead. However, remanding the case would serve no legitimate purpose. Merely pleading more facts in support of the breach of contract claim will not overcome Webb County's immunity from suit. *See Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). We therefore reverse the trial court's order and render judgment dismissing for lack of jurisdiction Khaledi's suit against Webb County.

Luz Elena D. Chapa, Justice