# NO. 12-13-00262-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WASSON INTERESTS, LTD.,* **APPELLANT** | § | *APPEAL FROM THE SECOND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *CITY OF JACKSONVILLE, TEXAS,* **APPELLEE** | § | *CHEROKEE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Wasson Interests, Ltd. (Wasson), appeals from a summary judgment granted in favor of the City of Jacksonville, based on governmental immunity. In two issues, Wasson contends that the trial court erred in granting both a traditional and a no evidence summary judgment in favor of the City. We affirm.

### BACKGROUND

Wasson is a successor in interest to a ninety-nine year lease covering property located on Lake Jacksonville, which specifies the property is to be used for residential purposes only. James and Stacy Wasson previously lived on the property, but after relocating to Tyler, they conveyed their interest to Wasson. Wasson rented the property to others for terms of a week or less. In response, the City sent an eviction notice, notifying Wasson that its short term rentals constituted a commercial use of the property, which is a violation of the lease. The City and Wasson entered into a reinstatement agreement that specified the property's acceptable uses under the lease.

The City later sent a second eviction notice based on Wasson's continued commercial use of the property. The notice informed Wasson that its use of the property was a violation of the reinstatement agreement. Wasson filed suit, alleging that the City breached the lease by

improperly terminating the lease and evicting Wasson. Wasson also sought injunctive and declaratory relief. Following extensive discovery, the City filed a combined motion for a traditional and a no evidence summary judgment. Among other things, the City claimed in the motion that it retained governmental immunity, and consequently, the trial court lacked jurisdiction over the suit. The trial court granted the motion for summary judgment without stating a reason. This appeal followed, with Wasson attacking the summary judgment on both traditional and no evidence grounds.

## GOVERNMENTAL IMMUNITY

In its first issue, Wasson argues that the trial court erred when it granted the City's motion for traditional summary judgment. Specifically, Wasson contends that the City's governmental immunity has been waived, thereby providing the trial court with subject matter jurisdiction over this suit.

### Standard of Review

Subject matter jurisdiction is essential to a court's power to decide a case. ***Bland Indep. Sch. Dist. v. Blue***, 34 S.W.3d 547, 553-54 (Tex. 2000). The absence of subject matter jurisdiction may be raised in a motion for summary judgment. ***Id***. at 554. Governmental immunity from suit defeats a trial court's jurisdiction. ***Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Texas Political Subdivisions Prop./Cas. Joint Self-Ins. Fund***, 212 S.W.3d 320, 323 (Tex. 2006).

Normally, when both no evidence and traditional summary judgment motions are filed, we address the no evidence motion first. ***Poag v. Flories***, 317 S.W.3d 820, 825 (Tex. App.—Fort Worth 2010, pet. denied). Here, we will review the propriety of granting the traditional summary judgment first because it is dispositive. ***Id***.

We review a trial court's summary judgment de novo. ***Traveler's Ins. Co. v. Joachim***, 315 S.W.3d 860, 862 (Tex. 2010); *see also **Ben Bolt***, 212 S.W.3d at 323 ("Whether a trial court has jurisdiction is a question of law subject to de novo review."). Because the issue in this case is whether the trial court lacked jurisdiction due to the City's assertion of governmental immunity, our review is de novo. *See **Ben Bolt***, 212 S.W.3d at 323.

**Governmental Immunity**

In Texas, governmental immunity has two components: immunity from liability, which bars enforcement of a judgment against a governmental entity, and immunity from suit, which bars suit against the entity altogether. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). By entering into a contract, a governmental entity necessarily waives immunity from liability, voluntarily binding itself like any other party to the terms of the agreement, but it does not waive immunity from suit. *Id*. Immunity from suit bars a suit against the state or its political subdivisions unless the legislature expressly gives its consent to the suit. *City of Emory v. Lusk*, 278 S.W.3d 77, 83 (Tex. App.—Tyler 2009, no pet.) (citing *Fed. Sign v. Tex. S. Univ*., 951 S.W.2d 401, 405 (Tex. 1997)). We defer to the legislature to waive immunity from contract claims. *Tooke*, 197 S.W.3d at 332.

The proprietary-governmental dichotomy has been used to determine a municipality's immunity from suit for tortious conduct. *Id*. at 343. But our supreme court has never held that the same distinction determines whether immunity from suit is waived for breach of contract claims. *Id*. With regard to contracts executed by local governments, our legislature has clearly and unambiguously waived governmental immunity in certain types of contract suits. *See City of Dallas v. Albert*, 354 S.W.3d 368, 377 (Tex. 2011); *see also Lower Colo. River Auth. v. City of Boerne, Tex.*, 422 S.W.3d 60, 65 (Tex. App.—San Antonio 2014, pet. filed) (citing *City of San Antonio ex rel. City Pub. Serv. Bd. v. Wheelabrator Air Pollution Control, Inc.*, 381 S.W.3d 597, 605 (Tex. App.—San Antonio 2012, pet. denied). Specifically, Section 271.152 of the local government code provides that

> [a] local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

TEX. LOC. GOV'T CODE ANN. § 271.152 (West 2005). A "contract subject to this subchapter" is defined as "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity." *Id*. § 271.151(2) (West Supp. 2013).

The legislature has authorized cities to enter into contracts, including leases of real property. *Id.* §§ 51.014, 51.015 (West 2008); *see also Jamestown Partners v. City of Fort*

***Worth, L.P.***, 83 S.W.3d 376, 380 (Tex. App.—Fort Worth 2002, pet. denied) ("A municipality may enter into and be bound by a contract the same as a private entity.").  But a governmental entity does not waive immunity from suit simply by contracting with a private party.  ***Travis Cnty. v. Pelzel & Assocs., Inc.***, 77 S.W.3d 246, 248 (Tex. 2002).  Express consent is required to show that immunity from suit has been waived in a breach of contract case.  ***Id***.  A statute that waives the governmental entity's immunity must do so beyond doubt.  ***Kirby Lake Dev., Ltd. v. Clear Lake City Water***, 320 S.W.3d 829, 837 (Tex. 2010).

## Proprietary-Governmental Dichotomy

The plaintiff bears the burden to prove facts that affirmatively demonstrate that governmental immunity has been waived and that the court has subject matter jurisdiction.  ***City of Dallas v. Turley***, 316 S.W.3d 762, 767 (Tex. App.—Dallas 2010, pet. denied).  Wasson contends that the City's actions in this matter were proprietary in nature and therefore immunity was waived.  In ***City of Georgetown v. Lower Colorado River Authority***, the case cited by Wasson in support of this contention, the Austin court of appeals decided that the proprietary-governmental dichotomy applied to the contract claims against the City of Georgetown.  *See **City of Georgetown v. Lower Colo. River Auth.***, 413 S.W.3d 803, 811 (Tex. App.—Austin 2013, pet. dism'd).  The court based its holding on pre-***Tooke*** authority that the proprietary-governmental dichotomy applied to contract claims against governmental entities under the common law.  *See id*. at 810-11.  In reaching this result, the Austin court expressly disagreed with the San Antonio court of appeals' decision in ***Wheelabrator***.  *Compare **id**. at 814 with **Wheelabrator***, 381 S.W.3d at 605.

In ***Wheelabrator***, the San Antonio court determined that ***Tooke*** created a default principle of governmental immunity in contract cases.  *See **Wheelabrator***, 381 S.W.3d at 604.  The court reasoned that the legislature could have easily included the proprietary-governmental into the statutory waiver scheme for contract claims but chose not to do so.  ***Id***. at 605.  Both the San Antonio and Austin courts agreed that the Texas Supreme Court has declined to address the application of the proprietary-governmental dichotomy in a contractual setting.  ***Id***.; ***City of Georgetown***, 413 S.W.3d at 810.

## Discussion

We agree with the San Antonio court's reasoning that ***Tooke*** has created the default position that we should follow until either the Texas Legislature or our supreme court

4

specifically addresses the application of the proprietary-governmental dichotomy in contract cases. We therefore decline to extend any pre-***Tooke*** reasoning to contract cases involving a municipality such as the City of Jacksonville. *See **Wheelabrator***, 381 S.W.3d at 605

Also, since the legislature has waived immunity in suits against the City for contracts providing goods and services to the City, and since this real property lease does not involve the provision of goods and services to the City, the default position under ***Tooke*** applies here. Therefore, governmental immunity has not been waived under these facts. *See* TEX. LOC. GOV'T CODE ANN. §§ 271.151(2), 271.152; ***Wheelabrator***, 381 S.W.3d at 605.

The trial court could have granted the City's motion for traditional summary judgment on the ground that the City had governmental immunity from suit. As a result, we overrule Wasson's first issue. Because that is dispositive to this appeal, we need not address the challenge to the no-evidence summary judgment motion in Wasson's second issue. TEX. R. APP. P. 47.1.

## DISPOSITION

Having overruled Wasson's first issue, which is dispositive, we ***affirm*** the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 9, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 9, 2014**

**NO. 12-13-00262-CV**

**WASSON INTERESTS, LTD.,**
Appellant
V.
**CITY OF JACKSONVILLE, TEXAS,**
Appellee

Appeal from the 2nd District Court

of Cherokee County, Texas (Tr.Ct.No. 2011-05-0389)

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **WASSON INTERESTS, LTD.,** for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*