# NO. 12-13-00385-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *OFFICE OF ATTORNEY GENERAL,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *KIMBERLY ANN PARKS-* *CORNELIUS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

The Office of the Attorney General of Texas (OAG) appeals from a default judgment rendered in favor of Kimberly Ann Parks-Cornelius in her suit to recover past due child support. OAG contends the trial court's judgment should be reversed because there is error apparent on the face of the record. We reverse and render.

## BACKGROUND

Parks-Cornelius's ex-husband was ordered to pay child support but, as of September 2013, he was $94,013.48 in arrears. Parks-Cornelius sued OAG alleging that it negligently failed to collect the past due child support. She had the petition and citation served by certified mail. The petition was received in the OAG mail room, and the green card was stamped "received." However, OAG did not file an answer to Parks-Cornelius's petition, and the trial court rendered an interlocutory default judgment against OAG. At a later hearing, Parks-Cornelius presented evidence of her damages, consisting of her past due child support and attorney's fees. The trial court rendered judgment for her in the amount of $97,446.64. OAG filed notice of its restricted appeal.

OAG asserts that there is error on the face of the record. Specifically, it argues that Parks-Cornelius did not properly serve OAG and the trial court lacked jurisdiction to consider her tort claim for money damages against OAG.

**Applicable Law**

A restricted appeal, available under specific circumstances, provides a vehicle for a losing party to obtain a reversal when error is apparent on the face of the record. *Gold v. Gold*, 145 S.W.3d 212, 213 (Tex. 2004) (per curiam). A party who did not participate in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion, request for findings of fact and conclusions of law, or a notice of appeal within the time frame set out by Texas Rule of Appellate Procedure 26.1(a) may file a restricted appeal within six months of judgment. TEX. R. APP. P. 30.

The doctrine of sovereign immunity protects the State from lawsuits for damages in all instances where the State has not waived immunity by a constitutional or legislative provision. *See* *Univ. of Tex. Med. Branch v. York*, 871 S.W.2d 175, 177 (Tex. 1994); *Gen. Servs. Comm'n. v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 594 (Tex. 2001). Immunity from suit deprives a trial court of jurisdiction, even if liability is undisputed. *Travis Cnty v. Pelzel & Assocs., Inc.*, 77 S.W.3d 246, 248 (Tex. 2002). When performing governmental functions, political subdivisions derive governmental immunity from the State's sovereign immunity. *City of Galveston v. State*, 217 S.W.3d 466, 469 (Tex. 2007). No statute should be construed to waive immunity absent clear and unambiguous language. *Id*.

**Analysis**

Parks-Cornelius asserted that she enlisted the assistance of OAG "to try and collect the child support she and her children are legally owed." She alleged that OAG breached its duty to enforce the child support order and negligently misrepresented that it would do so. She requested damages in an amount sufficient to cover the past due support as well as attorney's fees she had incurred in trying to collect the money from her ex-husband.

The Office of the Attorney General is entitled to collect and distribute child support payments and enforce child support orders. TEX. FAM. CODE ANN. § 231.101(West 2014); *In re D.L.D.*, 374 S.W.3d 509, 516 (Tex. App.–San Antonio 2012, no pet.). Past due child support is properly characterized as an unfulfilled duty to the child rather than a debt to the custodial

parent.  ***Williams v. Patton***, 821 S.W.2d 141, 145 (Tex. 1991).  A court can order only the parent of a child to pay child support.  *See* TEX. FAM. CODE ANN. § 154.001(a) (West 2014).  There is no statutory provision allowing the court to order OAG to pay child support when the obligor does not.  Moreover, there is no constitutional or legislative provision waiving immunity for the torts Parks-Cornelius has alleged.

The Texas legislature has waived immunity for certain torts.  *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001-.067 (West 2011 & Supp. 2013).  Those torts include claims regarding property damage, personal injury, or death arising from the operation of a motor vehicle or equipment, and claims regarding personal injury or death caused by a condition or use of tangible personal or real property.  ***Id***. at §101.021.  The statute's waiver of immunity does not include negligent child support enforcement.  Accordingly, the trial court did not have jurisdiction over Parks-Cornelius's suit.  It was error for the trial court to render a default judgment in favor of Parks-Cornelius.  We sustain OAG's sole issue.

## DISPOSITION

We ***reverse*** the trial court's judgment and ***render*** judgment ***dismissing*** Parks-Cornelius's suit for want of jurisdiction.

**SAM GRIFFITH**
Justice

Opinion delivered July 23, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 23, 2014

NO. 12-13-00385-CV

**OFFICE OF ATTORNEY GENERAL,**
Appellant
V.
**KIMBERLY ANN PARKS-CORNELIUS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 13-1291-C)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be, and the same is, hereby **reversed** and judgment is **rendered dismissing** Kimberly Ann Parks-Cornelius's suit against the Office of the Attorney General of Texas **for want of jurisdiction**. It is further ORDERED that all costs in this cause expended in this court be, and the same are, hereby adjudged against Appellee, **KIMBERLY ANN PARKS-CORNELIUS,** for which let execution issue; and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*