# NO. 12-14-00256-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TROY W. SIMMONS, D.D.S., P.C.,* *AND TROY W. SIMMONS, D.D.S.,* *APPELLANTS* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 2* |
| *TEXAS HEALTH AND HUMAN* *SERVICES COMMISSION,* *APPELLEE* | § | *GREGG COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Troy W. Simmons, D.D.S., P.C., and Troy W. Simmons, D.D.S. (collectively Simmons) appeal the trial court's order granting Appellee Texas Health and Human Services Commission's (THHSC) plea to the jurisdiction. In two issues, Simmons asserts that (1) the trial court erred in granting THHSC's plea to the jurisdiction and (2) THHSC failed to exhaust its administrative remedies. We affirm.

### BACKGROUND

THHSC investigated Simmons for Medicaid fraud and inappropriate billing. During the investigation, THHSC made a preliminary determination that Simmons had committed these transgressions and issued a payment hold against him. Simmons filed a request for an appeal, in which he contested THHSC's allegations and sought a "contested case hearing to adjudicate the pending issues and allegations[.]" The matter was assigned to an administrative law judge with the State Office of Administrative Hearings. Several months later, THHSC issued a final notice of overpayment. Simmons did not file an additional request for an appeal after THHSC issued this final notice.

Simmons believed that the State Office of Administrative Hearings had jurisdiction to hear matters related both to the payment hold it had against him and the final notice of overpayment. THHSC disagreed and proposed that Simmons waived any objection to THHSC's final notice of overpayment by his failure to file a separate request for appeal. THHSC filed a motion to dismiss, but the administrative law judge agreed with Simmons and denied the motion. Thereafter, THHSC maintained its position that the administrative law judge's ruling applied only to the payment hold issue because the administrative court did not have jurisdiction over the final notice of overpayment issue.

Meanwhile, pursuant to an agency rule, THHSC applied the monies withheld from Simmons toward the final amount it determined he owed and filed a notice that the payment hold had been lifted. As a result, the administrative court issued "no Proposal for Decision" in Simmons's requested appeal and remanded the matter to THHSC "to take final administrative action about its dispute with [Simmons]." THHSC took no further action.[1]

Subsequently, Simmons filed the instant declaratory judgment suit requesting that the trial court declare that his "alleged liability to [THHSC] has been released and extinguished and that the funds held by THHSC pursuant to a payment hold be released and immediately forwarded to [him]." Simmons also alleged that THHSC violated his equal protection and due process rights under the United States and Texas constitutions.

THHSC filed a motion to transfer venue, an answer, and a plea to the jurisdiction. Following a hearing, the trial court granted THHSC's plea to the jurisdiction and dismissed Simmons's suit. This appeal followed.

### PLEA TO THE JURISDICTION

In his first issue, Simmons contends that the trial court had jurisdiction over the dispute because THHSC acted "outside its statutory authority in continuing to withhold payments from [him] after it dismissed its administrative cause of action."

---

[1] THHSC's inaction was consistent with its position that the final notice of overpayment had matured into a debt Simmons owed the State based on his failure to appeal the final notice.

**Sovereign Immunity**

In 1847, the Texas Supreme Court held that "no State can be sued in her own courts without her consent, and then only in the manner indicated by that consent." *Hosner v. DeYoung*, 1 Tex. 764, 769 (1847). This immunity also applies to "the various divisions of state government, including agencies, boards, hospitals, and universities," in which case it is referred to as sovereign immunity. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003).

In Texas, sovereign immunity has two components—immunity from suit and immunity from liability. *See Gen. Servs. Comm'n v. Little-Tex Insulation Co., Inc.*, 39 S.W.3d 591, 594 (Tex. 2001). Immunity from suit is jurisdictional and bars suit; immunity from liability is not jurisdictional and protects from judgments. *Harris Cnty. Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009). Sovereign immunity from suit deprives a trial court of subject matter jurisdiction. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006).

**Standard of Review**

The absence of subject matter jurisdiction may be raised by a plea to the jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether a court has subject matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). An appellate court addressing a challenge to a trial court's subject matter jurisdiction reviews the trial court's ruling de novo. *Id.* at 228. The reviewing court exercises its own judgment and redetermines each issue of fact and law. *See Schade v. Tex. Workers' Comp. Comm'n*, 150 S.W.3d 542, 549 (Tex. App.–Austin 2004, pet. denied) (citing *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998)). The reviewing court accords the trial court's decision no deference. *See Schade*, 150 S.W.3d at 549 (citing *Quick*, 7 S.W.3d at 116). When a conclusion of law is erroneous but the trial court reached the right result, the erroneous conclusion of law does not require reversal. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). Further, if a trial court lacks jurisdiction over some claims but not others, the trial court should dismiss those claims over which it does not have subject matter jurisdiction, but retain those claims over which it does. *See Thomas v. Long*, 207 S.W.3d 334, 339 (Tex. 2006).

"When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Miranda*,

133 S.W.3d at 226. We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Id.* If the pleadings affirmatively negate the existence of jurisdiction, a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.* at 227. If the pleadings do not contain sufficient facts to demonstrate affirmatively the trial court's jurisdiction but do not demonstrate affirmatively incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the plaintiff should be afforded the opportunity to amend. *See id.* at 226–27.

## Simmons's Pleadings

For the State's immunity from suit to be waived and for the trial court to have jurisdiction, a party must show that the State has consented to suit. *See Travis Cnty. v. Pelzel & Assocs., Inc.*, 77 S.W.3d 246, 248 (Tex. 2002). Consent can be established by statute or legislative resolution. *Id.* In very limited situations, consent can be established by conduct. *See, e.g.*, *Reata Constr.*, 197 S.W.3d at 376–77.

Sovereign immunity does not bar suits seeking to require state officials to comply with statutory or constitutional provisions. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009). To properly plead under this "ultra vires"[2] exception to sovereign immunity, Simmons was required to allege that a state official acted without legal authority or failed to perform a purely ministerial act. *See id*. This exception to sovereign immunity applies only to the state official, not to the governmental entities. *See Tex. Dep't of Ins. v. Reconveyance Servs.*, 306 S.W.3d 256, 258 (Tex. 2010); *see also Heinrich*, 284 S.W.3d at 372–73 ("Nonetheless, as a technical matter, the governmental entities themselves—as opposed to their officers in their official capacity—remain immune from suit."). Thus, "suits complaining of ultra vires action may not be brought against a governmental unit possessed of sovereign immunity, but must be brought against the allegedly responsible government actor in his official capacity." *Reconveyance Servs.*, 306 S.W.3d at 258.

Here, Simmons does not contest that THHSC is a governmental entity. But he nonetheless asserts that the trial court had jurisdiction of his suit against THHSC because "suits to compel state officers to act within their official capacity do not attempt to subject the State to

---

[2] The Latin phrase "ultra vires" refers to an act performed that is outside the authority granted to the actor. *See* BLACK'S LAW DICTIONARY 1522 (6th ed. 1990).

liability."[3] *See **Tex. Nat'l Resource Conserv. Comm. v. IT-Davy***, 74 S.W.3d 849, 855 (Tex. 2002). Therefore, because Simmons sued a state agency rather than a state officer, he cannot satisfy the ultra vires exception to sovereign immunity. *See **Reconveyance Servs.***, 306 S.W.3d at 258.

Simmons further alleged that the Texas Declaratory Judgment Act (DJA) authorizes his suit against THHSC. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001–.011 (West 2015). But "[t]he DJA does not extend a trial court's jurisdiction, and a litigant's request for declaratory relief does not confer jurisdiction on a court or change a suit's underlying nature." ***IT-Davy***, 74 S.W.3d at 855.

Under the facts pleaded by Simmons, THHSC retains sovereign immunity. Thus, the trial court properly determined that it lacked jurisdiction over Simmons's suit against THHSC. *See **id***. Simmons's first issue is overruled.[4]

## DISPOSITION

Having overruled Simmons's first issue, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered February 27, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[3] Simmons made a similar assertion in his response to THHSC's plea to the jurisdiction, arguing that he "pled that [THHSC] has acted outside its statutory authority in continuing to withhold payments from [Simmons] after it dismissed its administrative cause of action."

[4] Because we have overruled Simmons' first issue, we do not address his second issue concerning whether THHSC failed to exhaust its administrative remedies. *See* TEX. R. APP. P. 47.1.

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 27, 2015**

**NO. 12-14-00256-CV**

**TROY W. SIMMONS, D.D.S., P.C. AND TROY W. SIMMONS, D.D.S.,**
Appellants
V.
**TEXAS HEALTH AND HUMAN SERVICES COMMISSION,**
Appellee

Appeal from the County Court at Law No. 2
of Gregg County, Texas (Tr.Ct.No. 2014-933-CCL2)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellants, **TROY W. SIMMONS, D.D.S., P.C. AND TROY W. SIMMONS, D.D.S.,** for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*